Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile: 469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2501 N. Harwood St, Suite 1700
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile: 469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs <br><br> vs. <br><br> TYLER TECHNOLOGIES, <br><br> Defendant. | Case No.: 3:19-CV-07647 <br><br> **DEFENDANT'S ORIGINAL ANSWER** <br><br> Magistrate Judge Thomas S. Hixcon <br><br> Action Filed: November 20, 2019 |

## **ANSWER**

Defendant Tyler Technologies, Inc. ("Tyler")[1] files its Answer to Plaintiff Aaron Kudatsky's ("Plaintiff") Collective and Class Action Complaint ("Complaint").

---

[1] Tyler is incorrectly named as "Tyler Technologies," as opposed to "Tyler Technologies, Inc.," in Plaintiff's Complaint.

-1-
**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

Tyler responds to the allegations in Plaintiff's Complaint by correspondingly numbered paragraphs as follows:

## PRELIMINARY STATEMENT

1. Tyler admits that Plaintiff filed this action as a collective action under the Fair Labor Standards Act ("FLSA") but denies that he was not provided with proper compensation or that he is similarly situated to other Tyler employees under the FLSA. Tyler denies all other allegations in paragraph 1 of Plaintiff's Collective and Class Action Complaint ("Complaint").

2. Tyler admits that Plaintiff seeks to represent a group of other Tyler employees but denies that a collective action is proper.

3. Tyler admits that Plaintiff seeks to represent a group of other Tyler employees but denies that a class action is proper.

4. Tyler admits that Plaintiff seeks the relief identified in paragraph 4 of Plaintiff's Complaint but denies that Plaintiff is entitled to same and denies all other allegations in paragraph of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. Subject to and without waiving Tyler's position that Plaintiff is not an appropriate class representative, that collective and/or class treatment of Plaintiff's claims is improper, and that Plaintiff lacks standing in his individual capacity and as a putative class representative to pursue certain or all of his claims under California state law, Tyler admits that this Court has jurisdiction.

6. Subject to and without waiving Tyler's position that Plaintiff is not an appropriate class representative, that collective and/or class treatment of Plaintiff's claims is improper, and that Plaintiff lacks standing in his individual capacity and as a putative class representative to pursue certain or all of his claims under California state law, Tyler admits that this Court has jurisdiction.

7. Subject to and without waiving Tyler's position that Plaintiff lacks standing to pursue

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

state law and other claims in California given that he was primarily a resident of another state or states during his employment with Tyler, Tyler admits that venue is proper in this Court.

8. Subject to and without waiving Tyler's position that Plaintiff lacks standing to pursue state law and other claims in California given that he was primarily a resident of another state or states during his employment with Tyler, Tyler admits that venue is proper in this Court. Tyler specifically denies that "a substantial portion of the events or omissions giving rise to the dispute occurred in San Francisco, County."

**PARTIES**

9. Tyler admits that Plaintiff was employed as an implementation consultant during the time period identified but denies all other allegations in paragraph 9 of Plaintiff's Complaint.

10. Tyler admits that Plaintiff worked remotely from his residence in Reno, Nevada and that he worked at various locations at Tyler's client locations, some of which were in California. The remaining allegations in paragraph 10 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Tyler denies the remaining allegations in paragraph 10 in Plaintiff's Complaint.

11. Tyler admits the allegations in paragraph 11 of Plaintiff's Complaint.

12. Tyler admits the allegations in paragraph 12 of Plaintiff's Complaint.

13. Subject to and without waiving Tyler's position that Plaintiff lacks standing to pursue state law and other claims in California given that he was primarily or exclusively a resident of another state or states during his employment with Tyler, Tyler admits that it is an "employer" within the meaning of the statutes identified in paragraph 13 of Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

14. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 14 of his Complaint and Tyler likewise reasserts and incorporates its denials and other

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**
US_ACTIVE-150842228.1

responses to the allegations in Plaintiff's Complaint.

15. Tyler admits the allegations in paragraph 15 Plaintiff's Complaint.

16. Tyler admits the allegations in paragraph 16 Plaintiff's Complaint.

17. Tyler admits the allegations in paragraph 17 but denies that other implementation consultants are "similarly situated" to Plaintiff or other employees at Tyler.

18. Tyler denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Tyler admits that implementation consultants generally perform the duties set forth in paragraph 19 of Plaintiff's Complaint but denies that such list is exhaustive as to implementation consultants' responsibilities and deny that each and every implementation consultant performs all the duties listed in paragraph 19 of Plaintiff's Complaint.

20. Tyler denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Tyler admits that it provided Plaintiff and others with training regarding job duties as an implementation consultant and that it provided Plaintiff with materials outlining guidelines to provide training to clients on the use and functionality of Tyler's software, but denies all other allegations in paragraph 21 of Plaintiff's Complaint.

22. The allegations in paragraph 22 of Plaintiff's Complaint are so vague and general that Tyler can neither admit nor deny the allegations. To the extent a response is required, Tyler denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Tyler admits that Plaintiff may have been provided with agendas regarding particular implementations during his employment with Tyler, but Tyler denies all other allegations in paragraph 23 of Plaintiff's Complaint.

24. Tyler admits that Plaintiff and other implementation consultants worked both at home and at Tyler's client locations but denies all other allegation in paragraph 24 of Plaintiff's Complaint.

25. Tyler admits that Plaintiff and other implementation consultants worked with other

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**
US_ACTIVE-150842228.1

Tyler employees, including support employees, during the course of their employment. Tyler is without sufficient information to admit or deny whether or not Plaintiff worked with support employees while he was at a hotel. To the extent a response is required, Tyler denies that allegation and all other allegations in paragraph 25 of Plaintiff's Complaint.

26. Tyler admits that Plaintiff and certain other implementation consultants were generally expected to complete expense and other reports summarizing on-site visits but deny that all implementation consultants were required to complete such reports. The remaining allegations in paragraph 26 of Plaintiff's Complaint are too vague and general to either admit or deny. To the extent a response is required, Tyler denies those allegations and denies all other allegation in paragraph 26 of Plaintiff's Complaint.

27. Tyler admits the allegations in paragraph 27 of Plaintiff's Complaint.

28. Tyler denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Tyler admits that Plaintiff was characterized as an exempt employee but denies that he was "similarly situated" to other employees.

30. Tyler admits that it did not pay Plaintiff overtime. The remaining allegations in paragraph 30 of Plaintiff's Complaint are too vague and general to either admit or deny. To the extent a response is required, Tyler denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Tyler denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Tyler denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Tyler denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Tyler denies the allegations in paragraph 34 of Plaintiff's Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 35 of his Complaint and Tyler likewise reasserts and incorporates its denials and other

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

responses to the allegations in Plaintiff's Complaint.

36. Tyler admits that Plaintiff seeks to represent a class of employees but denies that class or collective treatment of Plaintiff's claims is proper.

37. Tyler admits that Plaintiff and others signed consent forms attached to Plaintiff's Complaint but denies the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38. Tyler admits that Plaintiff did not receive overtime compensation but denies all other allegations in paragraph 38 of Plaintiff's Complaint.

39. Tyler denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Tyler denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Tyler denies the allegations in paragraph 41 of Plaintiff's Complaint.

## **STATE LAW CLASS ACTION ALLEGATIONS**

42. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 42 of his Complaint and Tyler likewise reasserts and incorporates its denials and other responses to the allegations in Plaintiff's Complaint.

43. Tyler denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Tyler admits that Plaintiff's employment ended in March of 2019 but denies all other allegations in paragraph 44 of Plaintiff's Complaint.

45. The allegations in paragraph 45 of Plaintiff's Complaint are too vague and general to either admit or deny. To the extent a response is required, Tyler denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Tyler denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Tyler admits that Plaintiff seeks to represent a class of employees but denies that class or collective treatment of Plaintiff's claims is proper.

48. The allegations in paragraph 48 of Plaintiff's Complaint constitute legal conclusions to

which no responsive pleading is required. To the extent a response is required, Tyler denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. The allegations in paragraph 49 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Tyler denies the allegations in paragraph 49 of Plaintiff's Complaint.

50. The allegations in paragraph 50 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Tyler denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. The allegations in paragraph 51 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Tyler denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. The allegations in paragraph 52 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Tyler denies the allegations in paragraph 52 of Plaintiff's Complaint including subparagraphs a-g.

53. The allegations in paragraph 53 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Tyler denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. The allegations in paragraph 54 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, Tyler denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. Tyler admits that Plaintiff seeks to send notice to other members of the putative class but denies that class or collective treatment is proper.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

56. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 56 of his Complaint and Tyler likewise incorporates and reasserts its denials and other responses to the allegations in Plaintiff's Complaint.

57. The allegations in paragraph 57 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.

58. Tyler admits the allegations in paragraph 58 of Plaintiff's Complaint.

59. Tyler denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Tyler admits that certain implementation consultants may have worked more than 40 hours during particular work weeks but otherwise denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Tyler denies the allegations in paragraph 61 of Plaintiff's Complaint.

62. Tyler denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. Tyler denies the allegations in paragraph 63 of Plaintiff's Complaint.

64. Tyler denies the allegations in paragraph 64 of Plaintiff's Complaint.

65. Tyler denies the allegations in paragraph 65 of Plaintiff's Complaint.

66. Tyler denies the allegations in paragraph 66 of Plaintiff's Complaint.

67. Tyler denies the allegations in paragraph 67 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**

**OVERTIME – CALIFORNIA STATE LABOR CODE**

68. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 68 of his Complaint and Tyler likewise incorporates and reasserts its denials and other responses to the allegations in Plaintiff's Complaint.

69. Tyler denies that Plaintiff and other members of the putative class were "employees" under California law and otherwise denies the allegations in paragraph 69 of Plaintiff's Complaint.

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-150842228.1

70. Tyler denies the allegations in paragraph 70 of Plaintiff's Complaint.

71. The allegations in paragraph 71 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.

72. Tyler denies the allegations in paragraph 72 of Plaintiff's Complaint.

73. Tyler admits that certain implementation consultants may have worked more than 40 hours during particular work weeks but otherwise denies the allegations in paragraph 73 of Plaintiff's Complaint.

74. Tyler denies the allegations in paragraph 74 of Plaintiff's Complaint.

75. Tyler denies the allegations in paragraph 75 of Plaintiff's Complaint.

76. Tyler denies the allegations in paragraph 76 of Plaintiff's Complaint.

77. Tyler denies the allegations in paragraph 77 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

## CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE

78. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 78 of his Complaint and Tyler likewise incorporates and reasserts its denials and other responses to the allegations in Plaintiff's Complaint.

79. The allegations in paragraph 79 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.

80. Tyler denies the allegations in paragraph 80 of Plaintiff's Complaint.

81. Tyler denies the allegations in paragraph 81 of Plaintiff's Complaint.

# FOURTH CLAIM FOR RELIEF

# CALIFORNIA WAGE STATEMENT PROVISIONS OF LABOR CODE

82. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 82 of his Complaint and Tyler likewise incorporates and reasserts its denials and other responses to the allegations in Plaintiff's Complaint.

83. Tyler denies the allegations in paragraph 83 of Plaintiff's Complaint.

84. Tyler admits that Plaintiff seeks the relief identified in paragraph 84 of Plaintiff's Complaint but denies that Plaintiff or other the class he seeks to represent are entitled to such relief.

# FIFTH CLAIM FOR RELIEF

# CALIFORNIA UNFAIR COMPETITION LAW

85. Tyler admits that Plaintiff seeks to re-allege and incorporate previous allegations in paragraph 85 of his Complaint and Tyler likewise incorporates and reasserts its denials and other responses to the allegations in Plaintiff's Complaint.

86. Tyler denies the allegations in the first sentence of paragraph 86 of Plaintiff's Complaint. The remaining allegations in paragraph 86 of Plaintiff's Complaint constitute legal conclusions to which no responsive pleading is required.

87. Tyler denies the allegations in paragraph 87 of Plaintiff's Complaint.

88. Tyler denies the allegations in paragraph 88 of Plaintiff's Complaint.

89. Tyler denies the allegations in paragraph 89 of Plaintiff's Complaint.

90. Tyler denies the allegations in paragraph 90 of Plaintiff's Complaint.

91. Tyler denies the allegations in paragraph 91 of Plaintiff's Complaint.

# PRAYER FOR RELIEF

To the extent a response is required, Tyler denies Plaintiff's claims have any merit and further denies that Plaintiff is entitled to the relief identified in the "prayer for relief" section of Plaintiff's

Complaint and specifically denies the allegations in subparagraphs a-i of the "prayer for relief" section of Plaintiff's Complaint. Tyler further denies the allegations in the "wherefore" paragraph of Plaintiff's Complaint including but not limited to the allegations set forth in paragraphs a-i of such section.

## JURY DEMAND

To the extent a response is required, Tyler admits that Plaintiff has demanded a jury trial. Tyler otherwise denies this paragraph.

## GENERAL DENIAL

Any allegations not specifically admitted, explained, modified, or denied above are expressly denied.

## DEFENSES

Subject to and without waiving any prior objection, answers, or defenses, and without accepting the burden of proof on any element of any cause of action upon which Plaintiff would ordinarily be required to carry the burden of proof, Tyler asserts the following additional defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b), or to class certification under Rule 23, because Plaintiff is not similarly situated to potential class or collective action members, Plaintiff has not defined the potential class or collective action members clearly and objectively, and Plaintiff cannot adequately represent the interests of potential class or collective action members.

3. Plaintiff's claims and the claims of each of the remaining unnamed individuals Plaintiff purports to represent are barred, in whole or in part, because a collective action is not the superior method for adjudicating this dispute. An independent and individual analysis of Plaintiff's claims and

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**

those of each of the un-named individuals Plaintiff purports to represent and each of Tyler's defenses is required.

4. To the extent Plaintiff and/or any of the un-named individuals Plaintiff purports to represent asserts claims under the FLSA for compensation outside of the applicable statute of limitations, which Tyler asserts is two years, said claims are barred.

5. To the extent Plaintiff and/or any of the un-named individuals Plaintiff purports to represent received compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

6. To the extent that Plaintiff, and/or those un-named individuals whom Plaintiff claims to represent, seek compensation for activities which are preliminary and/or postliminary to principal work activities and are not integral and indispensable to those principal work activities, the time is not compensable under the FLSA.

7. Plaintiff, and/or those un-named individuals whom Plaintiff claims to represent, are barred from seeking compensation from activities that are considered non-compensable under the Portal-to-Portal Act.

8. If Tyler's failure to pay overtime was unlawful, which Tyler expressly denies, then Tyler had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

9. The simultaneous recovery of liquidated damages and prejudgment interest is not available under the FLSA.

10. Any violations of the FLSA by Tyler, which Tyler expressly denies, were not willful.

11. Plaintiff fails to allege facts sufficient to support an award of liquidated damages against Tyler.

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**
US_ACTIVE-150842228.1

12. Plaintiff and the putative class members are exempt employees under California law and the FLSA.

13. To the extent Tyler violated Labor Code section 226, neither Plaintiff nor unnamed members of the putative class are entitled to any recovery therefore because they did not suffer injury as a result of the alleged violation, and the alleged violation was not knowing and intentional.

14. To the extent Tyler failed to compensate Plaintiff or unnamed members of the putative class in violation of Labor Code sections 201-203, they are not entitled to any recovery therefore because there is a good faith and bona fide dispute regarding the alleged entitlement to the disputed wages.

15. Defendant's business practices were not unfair, unlawful, fraudulent, or deceptive under California Business and Professions Code section 17200, *et seq.*

16. Defendants are entitled to a credit or offset for any amounts overpaid to Plaintiff and/or member of the putative class.

Tyler reserves the right to amend this Answer and add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE,** Tyler respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice and that Tyler be awarded costs of defense, including reasonable attorneys' fees.

DATED: December 27, 2019          REED SMITH LLP

By: */s/ Paulo B. McKeeby*
 Brian K. Morris
 Paulo B. McKeeby
 Michael A. Correll

*Attorneys for Defendant*

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT**