Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133*
NICHOLS KASTER, PLLP
80 S. 8th Street, Ste. 4600
Minneapolis, MN, 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
Michael Brown, MD Bar No. 20814*
mbrown@nicholllaw.com
THE LAW OFFICES OF PETER T. NICHOLL
36 Charles Street, Suite 1700
Baltimore, MD 21201

*Pro hac vice application forthcoming*

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated, | Case No.: 3:19-cv-07647 |
| Plaintiff, | **INITIAL JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| Tyler Technologies, | |
| Defendant. | |

Pursuant to the Standing Order for All Judges of the Northern District of California, the Court's Case Management Conference Order dated November 21, 2019, and Civil Local Rule 16-9, the Parties to the above-entitled action submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER.  As set forth below, while Plaintiffs' Original Complaint requests collective and/or class treatment of a nationwide class of all certain of Defendant's employees across all of Defendant's divisions and business units, counsel for the parties have conferred and agreed to stipulate to conditional certification of a class of employees in Defendant's ERP division.

**1.      Jurisdiction and Service**

This Court has original jurisdiction of the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367.

There are no issues at this time with respect to personal jurisdiction or venue.  No parties remain to be served.

**2.      Facts**

**Plaintiff's Position:**

This case seeks unpaid overtime under the Fair Labor Standards Act and California state law for individuals who worked for Tyler Technologies as implementation coordinators, implementation consultants, or other similar positions (collectively "implementation reps").  The Named and Opt-in Plaintiffs and members of the putative class and putative collective worked for Defendant and were paid a salary, but were not paid overtime premiums when they worked more than forty hours in a workweek.  Plaintiffs were employed in multiple job titles, but were all primarily responsible for assisting clients during the software or application implementation process, including assisting with setting up applications, gathering information from clients regarding data conversion, assisting with the roll-out process and providing training relating to the administration and use of applications to the client.

Plaintiff contends that Defendant's implementation reps: a) shared common primary duties, b) regularly worked overtime, and c) were all paid a salary with no overtime premiums.

**Defendant's Position:**

Defendant agrees that the putative class of implementation reps were paid a salary during the relevant time period but disagree that the implementation reps were similarly situated for FLSA purposes or otherwise. To the contrary, the job duties and responsibilities of implementation reps within Tyler's ERP division vary based on a variety of factors, such as seniority, the type of software they support, and the particular projects to which they are assigned. For example, certain implementation reps spend a majority of the work time on meeting with representatives of Defendant's clients to assess their data, routing, and related software need, whereas other implementation reps focused more on providing training to employees of Defendant's clients as to proper use of particular software products.

**3.  Legal Issues**

**Plaintiff's Position:**

Plaintiff contends that Tyler Technology's implementation reps are similarly situated, and that judicial notice should be distributed to all implementation reps within the ERP division to notify them of this case and give them an opportunity to assert their claims.

As the case progresses, Plaintiff anticipates the following additional legal issues:

    (a) Whether class treatment of Plaintiff's and other implementation consultants' state law claims is warranted;

    (b) Whether implementation reps were misclassified as exempt from overtime;

    (c) Whether Defendant can satisfy its burden to show that implementation reps were or are exempt from overtime;

    (d) The proper measure of Plaintiffs' damages.

**Defendant's Position:**

Defendant contends that implementation reps within Defendant's ERP division are not similarly situated and anticipates the following legal issues:

    (a) Whether implementation reps within Defendant's ERP Division were properly

classified as exempt employees under the administrative exemption of the FLSA.

(b) Whether class or collective treatment is appropriate given the lack of commonality in job functions and responsibilities of implantation reps in Defendant's ERP Division.

### 4. Motions

**Plaintiff's Position:**

Plaintiff may bring a motion to amend the complaint to add additional named plaintiffs asserting state law claims on an individual and/or class basis.

Plaintiff also anticipates filing a motion for summary judgment, or in the alternative, a motion for summary adjudication.

**Defendant's Position:**

Defendant anticipates filing a motion for summary judgment and a motion to decertify. Further, Defendant anticipates it may bring jurisdictional challenges to any asserted state law claims added following conditional certification.

### 5. Amendment of Pleadings

**Plaintiff's Position:**

Plaintiff may seek to amend the Complaint to add additional named plaintiffs to assert state law claims on an individual and/or class basis, or to assert claims for additional penalties based on the factual allegations of the existing Complaint. Plaintiff requests a deadline to amend the pleadings 30 days after the close of any judicial notice period following a motion for conditional certification of Plaintiff's FLSA claims.

**Defendant's Position:**

Defendant does not anticipate amending its pleadings, other than in response to an amendment or amendments by Plaintiffs. Defendant does not oppose Plaintiffs' requested deadline to amend pleadings but it reserves the right to challenge the scope of the Court's jurisdiction over any claims asserted by way of such an amendment.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Rule 26(f)

regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Each party agrees to preserve all relevant e-mails and other electronically-stored data pursuant to the Federal Rules of Civil Procedure and applicable local rules.

Plaintiff's counsel has indicated that Plaintiff will likely seek the production of certain ESI data, including but not limited to e-mail communications, electronic timekeeping data, phone logs/ records from phone systems, security badge records, other timestamped data, and electronically-stored documents reflecting job duties, performance, training, and job expectations.

The Parties have discussed the potential hurdles with respect to discovery given the scope of the requested documents and various hurdles including anticipated delays with respect to electronic discovery, and the parties agreed to discuss the discovery difficulties as they arise and make every attempt to resolve them.

**7.  Disclosures**

The parties served their Initial Disclosures on February 25, 2020.

**8.  Discovery**

**Plaintiff's Position:**

Plaintiff does not anticipate any changes to the requirements for initial disclosures and does not anticipate any need to change the scope of discovery. The Parties discussed that Plaintiff will likely seek discovery, *inter alia*, as to Plaintiffs' job duties and work hours and any affirmative defenses asserted by Defendant. The Parties have discussed representative discovery. Plaintiff believes that discovery should be conducted on a representative basis.

**Defendant's Position:**

Defendant anticipates it will take the depositions of some or all of the named and opt-in Plaintiffs after the close of the conditional class notice period. Defendant also anticipates serving written discovery on each named and opt-in plaintiff and would anticipate 10 interrogatories and 15 requests for production per plaintiff.

**9.  Class Action**

This case seeks unpaid overtime, and currently includes putative class claims under

California law. Plaintiff may seek to amend the Complaint to add additional state law class claims, and will seek conditional certification of an FLSA collective. Plaintiff proposes a deadline of January 28, 2021 to move for class certification.

**10.    Related Cases**

The Parties are not aware of any related cases.

**11.    Relief**

**Plaintiff's Position:**

Plaintiff seeks unpaid overtime wages under the FLSA on his own behalf and on behalf of the putative collective, with liquidated damages, interest, and attorneys' fees and costs. Plaintiff seeks unpaid overtime wages, wage statement penalties, and waiting time penalties under California state law on his own behalf and on behalf of the putative class, as well as interest and attorneys' fees and costs. As mentioned above, Plaintiff may seek leave to amend the Complaint to add additional named plaintiffs asserting other state law claims, or to assert claims for additional penalties based on the factual allegations of the existing Complaint.

**Defendant's Position:**

Defendant denies that Plaintiff is entitled to any damages.

**12.    Settlement and ADR**

The parties have filed their ADR certifications. (ECF Nos. 24, 25.) The parties indicated their preference to discuss ADR options with the Court.

**13.    Consent to Magistrate Judge for All Purposes**

The Parties do not consent to Magistrate Judge jurisdiction for all purposes.

**14.    Other References**

The Parties do not believe this case is suitable for other references.

**15.    Narrowing of Issues**

The Parties have agreed in principle to stipulating to conditional certification of implementation reps within Defendant's ERP division, and expect to file a stipulation shortly. Additional narrowing of issues may be possible after the parties have had an opportunity to conduct further discovery.

**16.   Expedited Trial Procedure**

The Parties do not believe that an expedited schedule is appropriate in this case.

**17.   Scheduling**

The Parties propose the following initial scheduling:

| Event | Deadline |
|---|---|
| Motion or Stipulation for Conditional Certification | May 14, 2020 |
| Deadline to Amend the Pleadings | 30 days after close of notice period |
| Motion or Stipulation for Class Certification | January 8, 2021 |
| Close of Fact Discovery | May 20, 2021 |
| Dispositive Motions | June 23, 2021 |
| Trial | October 11, 2021 |

**18.   Trial**

Neither Party has requested a jury trial.  The parties cannot reasonably estimate the length of trial at this time, given the early stage of the proceedings.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Defendant filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-16. (ECF No. 18.)

**20.   Professional Conduct**

The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

None.

**22.   Opportunities for Junior Lawyers**

Pursuant to this Court's standing orders, Plaintiffs state that each of the firms representing Plaintiffs have fewer than fifty lawyers nationwide.  Defendant anticipates having Joseph

Mammone, an attorney with less than six years' experience, conduct one or more opt-in depositions in this matter.

Dated: April 30, 2020　　　　　　　　　　**NICHOLS KASTER, LLP**

　　　　　　　　　　By:　　*/s/* Daniel S. Brome
　　　　　　　　　　　　　　Daniel S. Brome

　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASSES

Dated:  April 30, 2020　　　　　　　　　　**REED SMITH LLP**

　　　　　　　　　　By:　　*/s/ Paulo McKeeby*
　　　　　　　　　　　　　　Paulo McKeeby
　　　　　　　　　　　　　　Michael Correll

　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT TYLER TECHNOLOGIES, INC.