Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*Admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>Tyler Technologies,<br><br>                    Defendant. | Case No.    3:19-CV-07647-WHA<br><br>**DECLARATION OF DANIEL S. BROME**<br><br>**Date: January 7, 2021**<br>**Time: 8:00 am**<br>**Courtroom: 12 – 19th Floor**<br><br>**Judge: Hon. William H. Alsup** |

I, Daniel S. Brome, declare as follows:

1. I am an attorney with the law firm of Nichols Kaster, counsel of record for the named Plaintiff and opt-in Plaintiffs in this matter. I make this declaration based upon my personal knowledge, and could so testify if called to do so.

2. There are currently approximately 60 individuals in this case—the Named Plaintiff and 59 Opt-in Plaintiffs.

3. Based on data produced in this case by Tyler, there have been at least 27 implementation consultants with addresses in California during the past four years. According to the initial notice list, there were 18 ERP implementation consultants with addresses in California. On the second notice list, there were an additional 6 ERP implementation consultants with addresses in California. According to data produced by Defendant in discovery, there were 3 more implementation consultants with addresses in California who were not employed in time to be included in the notice lists, but who worked within four years prior to this case.

4. Additionally, Defendant produced records of implementation consultants' air travel into California. These records showed that well-over 200 implementation consultants flew into California to work. Defendant's air travel data includes some California resident implementation consultants apparently returning to California on a separate flight booking, so the total number included in that list (264) is higher than the number of implementation consultants who resided outside of California but traveled into California.

5. Defendant also produced some records of the Opt-in Plaintiffs' time records, which generally reflect the date and location of the individuals' work. For example, in October of 2018, Plaintiff Kudatsky reported California work on nine out of fourteen days; in March of 2019, Plaintiff Kudatsky reported California work on three out of five days.

6. Plaintiff Kudatsky has responded to written discovery, appeared for deposition, and has been in frequent contact with counsel.

7. Attached hereto are true and correct copies of the following exhibits:

**Exhibit 1:** Sample Fundamentals Review Script, Bates labeled Tyler 007457-007469 – filed under seal

**Exhibit 2:** Compensation plan, Bates labeled Tyler 014276-014278 – filed under seal

**Exhibit 3:** "Getting Started with Munis," Bates labeled Tyler 007338-007368 – filed under seal

**Exhibit 4:** PSA: Changepoint, Bates labeled Tyler 014413-014456 – filed under seal

**Exhibit 5:** Life as an IC, Bates labeled Tyler 007369-007455 – filed under seal

**Exhibit 6:** Nichols Kaster Firm Resume

**Exhibit 7:** Plaintiff's Proposed Class Notice

**Exhibit 8:** FJC sample

8. On September 10, 2020, I took the deposition of Christopher Webster, as Tyler's corporate representative witness. Attached hereto as **Exhibit 9** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion for Class Certification ("Motion").

9. On October 27, 2020, I took the deposition of Abigail Diaz, as Tyler's corporate representative witness. Attached hereto as **Exhibit 10** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

10. On September 11, 2020, counsel for Defendant took the deposition of Aaron Kudatsky. Attached hereto as **Exhibit 11** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

11. On October 21, 2020, counsel for Defendant took the deposition of Cindy Choquette. Attached hereto as **Exhibit 12** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

12. On October 19, 2020, counsel for Defendant took the deposition of Pamela Costner. Attached hereto as **Exhibit 13** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

13. On October 23, 2020, counsel for Defendant took the deposition of Sandra Edinger. Attached hereto as **Exhibit 14** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

14. On October 20, 2020, counsel for Defendant took the deposition of Ian Roth. Attached hereto as **Exhibit 15** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

15. On October 22, 2020, counsel for Defendant took the deposition of Pamela Sinclair. Attached hereto as **Exhibit 16** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

16. On October 23, 2020, counsel for Defendant took the deposition of Travis Void. Attached hereto as **Exhibit 17** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

17. On October 20, 2020, counsel for Defendant took the deposition of Jay Wright. Attached hereto as **Exhibit 18** is a true and correct copy of the cover page, court reporter's certification, and relevant excerpts from that deposition transcript referenced in support of Plaintiffs' Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: November 16, 2020                    s/ *Daniel S. Brome*
                                           Daniel S. Brome