Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile:  469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile:  469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>Defendant. | Case No.:   3:19-CV-07647-WHA<br><br>**DECLARATION OF PAULO B. MCKEEBY PURSUANT TO LOCAL RULE 79-5(e)(1)** |

I, Paulo B. McKeeby, declare:

    1.    I am an attorney with the law firm of Reed Smith LLP, counsel of record for Defendant Tyler Technologies ("Tyler") in this matter.  I make this declaration based upon my personal knowledge, and could so testify if called to do so.

-1-
**DECLARATION OF PAULO B. MCKEEBY**

US_ACTIVE-156530192.3

2. I submit this Declaration pursuant to United States District Court for the Northern District of California's Civil Local Rules 79-5(e)(1) and 79-5(d)(1)(A) in support of the designation as "confidential" the documents attached as Exhibit B to the Declaration of Daniel S. Brome ("Exhibit B") filed in connection with Plaintiff's Administrative Motion to File Under Seal.

3. All of the documents contained in Exhibit B were produced by Tyler in this matter and were designated "confidential", pursuant to the parties' Stipulated Protective Order, ECF No. 71.

4. The documents contained in Exhibit B contain the following information:

   a. Exhibit B-1 consists of Tyler's internal confidential training materials and is a document unavailable to either Tyler's customers or competitors.

   b. Exhibit B-2 sets forth details of Tyler's compensation system for certain employees including bonus amounts, bonus eligibility criteria, and related aspects of Tyler's incentive compensation plan. Such information is sensitive and confidential in that it details how Tyler incentivizes and compensates certain of its employees, which is information not available to Tyler's competitors.

   c. Exhibit B-3 consists of Tyler's internal confidential training materials, certain non-public software information, and is a document that is unavailable to either Tyler's customers or competitors.

   d. Exhibit B-4 consists of Tyler's internal confidential training materials, which is unavailable to either its customers or competitors. Further, the documents contain details of Tyler's compensation system, including information regarding Tyler's incentive compensation plan. As discussed above, such information is sensitive and confidential and is not available to Tyler's competitors.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

e. Exhibit B-5 consists of Tyler's internal confidential training materials, which are unavailable to either its customers or competitors. Further, the document contains details about Tyler's compensation system, including bonus amounts, bonus eligibility criteria, and additional aspects of Tyler's incentive compensation plan. Similar to the details of Tyler's compensation system in Exhibits B-2 and B-4, such information is sensitive and confidential and is not available to Tyler's competitors.

5. Based on my research, I believe each of the documents described above are confidential and appropriately subject to sealing. *See Zheng-Lawson v. Toyota Motor Corp.*, No. 17-cv-06591-BLF, 2019 WL 6841324, at *2 (N.D. Cal. Dec. 16, 2019) (sealing documents reflecting the designating party's "internal confidential training materials"); *see also Rainbow Bus. Sols. v. Merch. Servs.*, No. C 10-1993 CW, 2013 WL 12308205, at *2 (N.D. Cal. May 10, 2013) (sealing documents containing "information about the designating party's compensation structure for its employees").

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

DATED: November 19, 2020          By: */s/ Paulo B. McKeeby*
                                       Paulo B. McKeeby