Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile:  469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2501 N. Harwood St, Suite 1700
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile:  469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>                                    Defendant. | Case No.:        3:19-CV-07647<br><br>**TYLER TECHNOLOGIES' SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**<br><br>Action Filed: November 20, 2019 |

*Left margin vertical text:* REED SMITH LLP — A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I.    <u>INTRODUCTION</u>

In his reply, Plaintiff Aaron Kudatsky persists in his failure to satisfy the requirements of Rule 23—instead resorting to a reductionist argument that relies on an incorrect characterization of the record evidence. Specifically, Plaintiff suggests that class certification is proper based on job title alone—dismissing Plaintiff's *own* description of his job as a fabrication along the away—and falsely labelling all of the myriad reasons to deny certification as "merits arguments." Plaintiff's arguments have no merit.

That is not all. Plaintiff still fails to provide any evidence that the 252-member putative class, comprised of at most 40 California residents with the remainder scattered across various states, worked any overtime that was compensable under California law. Similarly, Plaintiff does not provide any class-wide method to demonstrate that the majority non-resident putative class members are entitled to waiting time penalties under California law.

The Court should deny Plaintiff's motion.

### A.    <u>Plaintiff's Attempt to Create Commonality and Preponderance By Obfuscation of the ICs' Job Duties Fails</u>

Rather than identify the ERP ICs' specific job functions and provide a manageable methodology that will allow the Court to resolve their exempt status on a class-wide basis, Plaintiff attempts to show that common questions predominate through a tautological and misleading description of the ERP ICs' job. In Plaintiff's telling, commonality exists with respect to the ERP ICs' exempt status because they share the same job title and because the duty of all implementation consultants is simply "implementation." *See, e.g.*, Reply at 5 ("whether ICs were properly classified will be resolved for all ICs considering they all share the same primary job duty of implementing Tyler's software"); *id.* at 10 ("[P]erforming implementations is ICs' primary duty").

Of course, an implementer's job does involve the complex and multi-faceted task that Plaintiff generically labels as "implementation" in much the same way that a lawyer's job involves "lawyering" and a builder's job involves "building." But describing the duties of ERP ICs at that level of abstraction obfuscates the analysis. ERP ICs work with management and administrative personnel of Tyler's customers to implement new software-based means of conducting general business operations

in critical areas such as finance and revenue management, accounting, procurement, recruiting, and taxes. While "implementing," ERP ICs may spend their time engaged in a variety of functions, such as training customers on how to best utilize Tyler's software to achieve the desired operational benefits; evaluating customers' current practices to identify needs and recommend appropriate software tools; configuring installed software to satisfy customer needs; guiding customers to new business processes in mission-critical domains; and independently crafting guides to assist customers in using Tyler software. *See* Dkt. No. 85 at 7-12.

Critically, it is the exempt nature of these and other *specific* tasks, which are part of the implementation process, that are critical to the exemption analysis. Characterizing all or nearly all of the ERP ICs' duties as "implementation" – in effect reducing the duties of the position to a recitation of the job title – does not eliminate the need to determine the specific tasks of each putative class member to analyze the administrative exemption. *See Gales v. Winco Foods*, 2011 U.S. Dist. LEXIS 96125, *21 (N.D. Cal. Aug. 26, 2011) ("Plaintiff relies largely on the AM Job Description, Job Analysis, centralized training, centralized policies limiting some of the control AMs have over their stores, the target labor hours that they must manage towards, and WinCo's uniform classification of AMs as exempt. ***Although that evidence gives the Court a general sense of the AM job*** … ***it does not tell the Court with the requisite specificity how AMs actually spend their time***.") (emphasis added).

The need to make individualized inquiries does not end there. The administrative exemption turns not only on the nature of the nature of an employee's duties (exempt vs. non-exempt), but also on the amount of time he or she spends performing particular duties. To determine if an employee is exempt under California law, the Court must determine whether the he or she spends more than half of his or her time performing exempt functions each workweek (*i.e.*, whether exempt functions are the primary duty). *See Patton v. Dollar Tree Stores, Inc.*, 2017 U.S. Dist. LEXIS 222432, *15 (C.D. Cal. June 15, 2017) (the "period for determining exempt status is the work week, and employees' exempt or non-exempt status can vary on a week by week basis"). Critically, Plaintiff does not proffer any method whereby the Court could make a class-wide determine on this issue. By failing to do so, Plaintiff has failed to satisfy his burden to demonstrate that the Court can resolve exempt status on a

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 3 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

class-wide basis.  *See, e.g., Gales*, 2011 U.S. Dist. LEXIS 96125, *21 (despite detailed and common job descriptions, procedures, and trainings, among other things, common issues did not predominate because these materials "do[] not answer … whether [employees] spend the majority of their time performing exempt duties."); *Cruz v. Dollar Tree Stores, Inc.*, 2011 U.S. Dist. LEXIS 73938, *26 (N.D. Cal. Jul. 8, 2011) ("Plaintiffs have presented evidence of Dollar Tree's centralized operational and human resources hierarchy …[,] that all store managers are given uniform training and … materials, use the same on-the-job tools, receive 'daily planners' that require them to perform certain tasks, and are subject to other Dollar Tree policies intended to standardize the experiences of all store managers.  While this evidence does provide some proof that class members shared a number of common employment experiences, it does not provide common proof of whether they were spending more than fifty percent of their time performing exempt tasks."); *Pedroza v. PetSmart, Inc.*, 2013 U.S. Dist. LEXIS 53794, *26 (C.D. Cal. Jan. 28, 2013) ("[T]he proffered records … do not offer a complete picture of how a SM allocates his or her time  between exempt and nonexempt tasks on a weekly basis, much less do so on a classwide basis.  Accordingly, … Plaintiff has failed to sufficiently show that these records have the ability to prove the existence of a common practice.")

**B.**   **<u>Plaintiff's Contention That All Tyler ICs Who Traveled To California Worked</u>**
**<u>Overtime is Contradicted By Evidence Before the Court.</u>**

Plaintiff's opening brief focused exclusively on common questions arising from the alleged misclassification of the putative class.  But, as Tyler noted in its opposition, an alleged misclassification alone is not unlawful and cannot warrant class certification.  *See Swamy v. Title Source, Inc.*, 2018 U.S. Dist. LEXIS 57048, *17 (N.D. Cal. Apr. 2, 2018) (denying class certification because "[e]ven if members of the putative class *were* non-exempt employees, [plaintiff] still fails to provide a common method of proving that such employees are entitled to overtime pay").  Thus, by focusing exclusively on exemption issues, Plaintiff elided the indispensable task (and plaintiff responsibility) of providing a class-wide method of demonstrating that all putative class members – the overwhelming majority of whom reside outside California – worked California-compensable overtime.  *Id.*  Recognizing this case-dispositive shortcoming, Plaintiff now asserts, for the first time, that the ICs' schedule "inevitably" results in working daily overtime hours in California.  *See* Reply

**TYLER TECHNOLOGIES' SUR-REPLY**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

at 5.  But Plaintiff offers no evidence to support this assertion and the record testimony of the ERP ICs contradict it.

Plaintiff claims that "[t]estimony from ICs confirms that they regularly worked overtime." Reply at 16.  However, aside from his own words, the only evidence Plaintiff cites to support this assertion is the testimony of former Tyler employee, Pamela Sinclair.  But Sinclair's testimony does not support the proposition that employees across the board worked overtime hours compensable under California law.  To the contrary, Sinclair testified that during the time she was an ERP IC, she performed work for California clients but did not perform any work in California.[1]  *See* Sinclair Tr. 14:14-17, 16:9-20, 23:12-19, 24:5-16, 63:14-21.  Thus, she could not have worked California overtime hours as part of the class as Plaintiff contends.[2]

Additionally, as Tyler stated in its opposition, Tyler allows employees to work remotely from their homes or elsewhere.  As a result, Tyler's billing records do not indicate the state in which an employee performs work (*i.e.*, an employee can perform work for a California entity while at home in Mississippi).  Plaintiff disputes this contention, but rather than citing actual evidence, he cites his own attorney declaration, which states that these records "generally reflect the date and location of the individuals' work."  *See* Reply at 14 n.8 (*citing* Brome Dec., ¶ 5, ECF No. 78-1 at 2).

Unable to meet his evidentiary burden to demonstrate class-wide California overtime, Plaintiff tries to invert the class certification standard, arguing that Tyler allegedly failed to proffer a declaration or testimony from an employee who did not work overtime hours in California.  *See* Reply at 16. Plaintiff misses the mark here too.    Plaintiff did not substantively discuss any class-wide practice that allegedly resulted in unpaid California overtime in his motion.  It is not Tyler's burden to refute a

---

[1] Plaintiff also claims that even ERP ICs who "travelled to California on rare occasions [] have claims for daily overtime" because they spent a full day in the state.  Reply at 16; *see also id.* at 15 ("when ICs travel to California they work in state days at a time, so they are covered by California overtime law.").  Simply being physically present in the state for a full day, standing alone, is not meaningful as it does not demonstrate the earning of California-compensable overtime.

[2] Plaintiff also suggests that he will use travel records to demonstrate class membership and California-compensable overtime.  *See* Reply at 16.  But it is unclear how travel records will do the trick.  Some of Tyler's non-California employees who work in the state travel by car.  Plaintiff does not identify any records that will capture these trips.  Moreover, a record demonstrating that a putative class member flew or drove to California illustrates nothing regarding the number of compensable hours worked once they got there, if any.

**TYLER TECHNOLOGIES' SUR-REPLY**

US_ACTIVE-157033608.1

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

contention that Plaintiff did not make.  Rather, it is Plaintiff's burden to demonstrate that certification is appropriate.  *See Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011).  In any event, Tyler notes that at least some employees rarely enter California and when they do, they do not necessarily work overtime hours; and others may enter the state but go for prolonged periods without working overtime.  *See, e.g.,* Irish Dec. ¶ 3 ; Williams Dec. ¶ 3; Kazlousky Dec. ¶ 3; Costner Tr. 112:8-18[3].

Plaintiff has not articulated any method to demonstrate that all members of the putative class worked California overtime during the class period.  Thus, *irrespective* of the administrative exemption analysis, certification is inappropriate.[4]

### C.   Plaintiff Fails to Identify Any Class-Wide Method of Proving Putative Class Members' Eligibility for California Waiting Time Penalties[5]

In its opposition, Tyler addressed the circumstances under which a non-resident can seek waiting time penalties under California law, and demonstrated that the eligibility of the putative class

---

[3]
```
Q.   Are there ever weeks where you believe you
are actually performing work for more than
40 hours?
A.   Right now, no.
Q.   When is the last time you believe you
performed more than 40 hours of work for Tyler?
And month and year is fine.  It doesn't have to
be specific.
A.   Let's see.  I would say September 2019.
```

[4] Plaintiff contends that class-wide proof of California overtime hours can be demonstrated through representative employee testimony.  *See* Reply at 17.  However, nothing indicates that the few individuals Plaintiff references are representative of the class.  *See, e.g.*, *Reynoso v. All Power Mfg. Co.*, 2018 U.S. Dist. LEXIS 227475, *13 (C.D. Cal. Apr. 30, 2018) ("[Plaintiff] has indicated that she intends to rely primarily on representative testimony of Class Members to prove liability, but she has failed to provide any reliable means of extrapolating that testimony to the Class as a whole.  Thus, this representative testimony cannot serve as the common proof that would allow a class-wide determination of liability."); *Pedroza*, 2013 U.S. Dist. LEXIS 53794, *26 (refusing certification where plaintiff presented anecdotal evidence regarding commonality); *Cruz*, 2011 U.S. Dist. LEXIS 73938, *23-25 (decertifying class because plaintiff did not demonstrated a reliable means of extrapolating representative testimony to the entire class).

[5] Plaintiff does not respond to Tyler's argument regarding the lack of commonality and predominance with respect to the Section 226 (itemized wage statement claim) claim.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

for recovery could not be resolved on a class-wide basis. Dkt. No. 85 at 26-29; *see generally Oman v. Delta Air Lines, Inc.*, 9 Cal.5th 762, 770 (2020); *Ward v. United Airlines, Inc.*, 9 Cal.5th 732 (2020); *McPherson v. EF Intercultural Found., Inc.*, 47 Cal. App. 5th 243 (2020); *Poehls v. ENSR Consulting & Eng'g*, 2006 U.S. Dist. LEXIS 102873, \*33–34 (C.D. Cal. Aug. 28, 2006). Resolving the claim would necessitate an individualized analysis of, among other things, the amount of time each putative class member spent working in every state, and whether each employee earned California overtime. *See McPherson*, 47 Cal. App. 5th at 271-72, 74; *Oman*, 9 Cal.5th at 770.[6] Plaintiff does not substantively address this issue or the above cases. Instead, Plaintiff attempts to make unprincipled and immaterial factual distinctions (*e.g.*, the plaintiffs in *Ward* were transportation workers), and urges the Court to apply the standard articulated in *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191 (2011) to the waiting time penalties claim.

The standard articulated in *Sullivan* was crafted to address overtime claims brought by non-residents who worked overtime in California. *Sullivan* does not address claims that relate to the "timing of wage payments," (*e.g.*, waiting time penalties), which apply only to California-based employees. *See Oman*, 9 Cal.5th at 770. In fact, the *Sullivan* court explicitly declined to address the standard governing claims for waiting time penalties brought by non-residents.[7] *Id.* at 1200-01. As such, Plaintiff does not articulate any method whereby the Court could resolve whether the putative class members are covered by the waiting time provisions of the California Labor Code. Thus, certification is not appropriate.

## II.   **CONCLUSION**

Plaintiff cannot satisfy the basic requirements of Rule 23. Thus, for the reasons set forth in Tyler's opposition and this sur-reply, the Court should deny Plaintiff's motion for class certification.

---

[6] Tyler also argued that the question of whether there was a "good faith dispute" regarding any putative class member's entitlement to the claimed wages "raises an inherently fact intensive inquiry focusing on state of mind and surrounding circumstances." *In re Taco Bell Wage & Hour Actions*, 2011 U.S. Dist. LEXIS 109169, \*15 (E. D. Cal. Sept. 26, 2011); *see also Delgado v. MarketSource, Inc.*, 2018 U.S. Dist. LEXIS 214603, \*19–20 (N.D. Cal. Dec. 20, 2018) ("evaluating whether Defendant 'willfully' paid final wages late . . . would require individualized inquiries"). Plaintiff did not respond to this argument.

[7] Even if the Court applied *Sullivan*, which turns on the location of the employee's work, individualized inquiries regarding the number and location of hours worked would predominate and defeat certification of a waiting time penalties claim.

**TYLER TECHNOLOGIES' SUR-REPLY**

US_ACTIVE-157033608.1

DATED:  December 24, 2020                REED SMITH LLP


                                         By: */s/ Paulo B. McKeeby*_____
                                             Brian K. Morris
                                             Paulo B. McKeeby
                                             Michael A. Correll

                                             *Attorneys for Defendant*


                          **<u>CERTIFICATE OF SERVICE</u>**

     I, Paulo B. McKeeby, an attorney, hereby certify that on December 24, 2020, I caused a true and

correct copy of Tyler Technologies, Inc.'s Sur-Reply to be served via the CM/ECF system, which will

send notification of such filing to the e-mail address of all counsel of record.


                                         */s/ Paulo B. McKeeby*_____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TYLER TECHNOLOGIES' SUR-REPLY**

US_ACTIVE-157033608.1