UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON KUDATSKY,

    Plaintiff,

v.

TYLER TECHNOLOGIES,

    Defendant.

No. C 19-7647 WHA

**ORDER RE ADMINISTRATIVE MOTION TO SEAL**

Our federal courts belong to the people. The public has every right and every interest in looking over our shoulders to see why and how we grant relief (or not) and specifically what record justified (or not) the relief. So, our court of appeals has recognized a strong presumption of public access to our records. Sealing a record requires, without "hypothesis or conjecture," a compelling factual basis that *outweighs the public interest in disclosure*. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (emphasis added); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Plaintiff, with defendant's support, moves to file under seal certain portions of the complaint. Defendant offers business-competition reasons to seal including "internal confidential training materials" (B-1, B-3, B-4), compensation system (B-2, B-4), and certain non-public software information (B-3).

The trouble is that defendant does not present *compelling reasons that outweigh the interest in disclosure*. It does not, in fact, state anything other than, compensation data and

training materials are "sensitive" and currently confidential. What's more, the training documents defendant seeks to seal are at the very heart of administrative exemption defense; these documents will star at trial. The motion to seal software information at B-3 is **GRANTED** as presumably very important to a software company's market standing. The rest are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 2, 2021.

　　　　　　　　　　　　　　　　　　　　　　/s/ William Alsup
　　　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE