Matthew C. Helland, CA Bar No. 250451
helland@nka.com
Daniel S. Brome, CA Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN Bar No. 340133*
NICHOLS KASTER, PLLP
80 S. 8th Street, Suite 4700
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
Michael Brown, MD Bar No. 20814*
mbrown@nicholllaw.com
THE LAW OFFICES OF PETER T. NICHOLL
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming

Attorneys for PLAINTIFF and those similarly situated

**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

| | |
|---|---|
| AARON KUDATSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.<br><br>Defendant. | **Case No. 3:19-CV-07647-WHA**<br><br>**PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**Date: May 6, 2021**<br>**Time: 8:00 am**<br>**Courtroom: 12 – 19th Floor**<br><br>**Judge: Hon. William Alsup** |

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**NOTICE OF MOTION AND MOTION**

Please take notice that on May 6, 2021, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12, 19th Floor, of the above-captioned Court, Plaintiff will, and hereby does, move this Court for leave to file the attached Amended Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and for modification of the scheduling order pursuant to Rule 16(b) in order to allow this amendment. This Motion is based on this Notice, the Memorandum of Points and Authorities, supporting evidence filed herewith, the Court's file in this matter, and such other arguments as may be presented at the hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff brings this Motion for Leave to Amend the Complaint to include three Opt-in Plaintiffs as additional Named Plaintiffs. These individuals are not part of the recently certified class (*see* ECF No. 98), but wish to individually assert California state law claims against Defendant Tyler Technologies, Inc. Under the Federal Rules of Civil Procedure, the scheduling order may be modified for good cause, and leave to amend is freely given.

Here, the three additional Plaintiffs are already part of the case asserting federal claims. They have all been deposed, so no additional discovery is needed to address their state law claims. Finally, they seek to assert, individually, the same claims as are already part of the case. The additional plaintiffs are not asserting new class claims, or in any way increasing the number of individuals covered by this case. Accordingly, for the reasons stated below, Plaintiff's motion for leave to amend the complaint should be granted. A clean copy of the proposed Amended Complaint is attached as Exhibit 1 to the accompanying Brome declaration, and a redlined copy of the proposed Amended Complaint is attached as Exhibit 2.

**II.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

On November 20, 2019, Plaintiff Aaron Kudatsky, individually, and on behalf of others similarly situated, filed this lawsuit against Defendants Tyler Technologies, Inc., ("Tyler" or "Defendant") seeking unpaid overtime under the Fair Labor Standards Act ("FLSA") and under California state law, and asserting derivative state law claims. (ECF. No. 1.) As defined in the

1  initial Complaint, the class included all categories of implementation consultants, from all of
2  Tyler's divisions. (*See id.*) Defendant filed its Answer on December 27, 2019.
3      An initial case management conference was held on May 7, 2020; the Court set a
4  deadline for amending the pleadings of June 30, 2020, and a deadline to move for Rule 23 class
5  certification of October 1, 2020. (ECF No. 37.) On May 13, 2021, the Court granted the Parties'
6  stipulation for FLSA Conditional Certification for implementation consultants in the ERP
7  division. (ECF Nos. 39, 40.) Notice was distributed, and individuals opted-in to the case through
8  the summer of 2020. During the notice distribution process, the Parties stipulated to, and the
9  Court approved, extensions of multiple case management deadlines, including extending the
10 amendment deadline to August 14, 2020. (ECF Nos. 55, 56.)
11     The Parties conducted discovery throughout the summer and fall of 2020, including
12 written discovery and remote depositions. (Brome Decl. ¶ 4.) All three individuals who seek to
13 be added as additional named Plaintiffs in the proposed amended complaint were deposed. (*Id.*;
14 *see also* ECF No. 85 at 86–128 (Defendant's citations to Costner Dep. in opposition to class
15 certification); ECF No. 78-2 at 165–168 and 185–188 (Plaintiff's citations to Edinger and
16 Sinclair Dep. in support of class certification).) Plaintiff Costner was deposed on October 19,
17 2020; Plaintiff Edinger on October 23, 2020; and Plaintiff Sinclair on October 22, 2020. (*Id.*)
18     Pursuant to the amended scheduling order, Plaintiff filed his motion for Rule 23 class
19 certification on November 16, 2020. (ECF No. 78.) On December 29, 2020, the Court continued
20 the hearing on the class certification motion; as a result, the Parties stipulated to, and the Court
21 granted, additional extensions. (ECF No. 94.) Following that extension, non-dispositive motions
22 were due on March 22, 2021, and dispositive motions are due on April 19, 2021. (*Id.*) The Court
23 ruled on the class certification motion on February 25, 2021. (ECF No. 98.)
24     Following the ruling on class certification, counsel for the Parties met and conferred and
25 discussed the implications of that order on multiple case management issues, including the
26 upcoming settlement conference, and the deadline for filing non-dispositive motions. (Brome
27 Decl. ¶ 5.) During that meet and confer process, Plaintiff informed Defendant of the intent to
28 amend and add additional individual state law claims. (*Id.*) Counsel agreed that it would be more

1  efficient to address such a motion after the settlement conference. (*Id.*) Accordingly, the Parties
2  stipulated to extend the deadline for filing of non-dispositive motions (ECF No. 100), which the
3  Court set for March 26, 2021. (ECF No. 102.)
4        The Parties participated in a settlement conference with Magistrate Judge Donna M. Ryu
5  on March 23, 2021. The matter did not resolve during the settlement conference, but the Parties'
6  discussions are continuing, and the Parties are to submit a joint status update to Judge Ryu by
7  March 30, 2021. (ECF No. 103.) Following the settlement conference, counsel for the Parties
8  again met and conferred about the proposed amended complaint in an effort to avoid this motion,
9  but were not able to reach agreement. (Brome Decl. ¶ 6.)

10 **ARGUMENT**

11       Once the Court has entered a scheduling order setting a deadline for amendment, that
12 order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
13 Here, the deadline to amend has passed, so Plaintiff seeks modification of the scheduling order
14 only for the purposes of filing the proposed amended complaint – all other dates should proceed
15 as scheduled. "Once Rule 16(b) is satisfied, the requirements of Rule 15 must also be met." *Lane*
16 *v. Wells Fargo Bank, N.A.*, 2013 WL 1164859, at *2 (N.D. Cal. Mar. 20, 2013) (citing *Johnson*
17 *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). Rule 15 provides that parties
18 may amend the pleadings upon leave of court, which should be given "freely" when justice so
19 requires. Fed. R. Civ. P. 15(a)(2). A court's decision on whether to allow amending a complaint
20 "must be guided by the underlying purpose of Rule 15—to facilitate decisions on the merits
21 rather than on the pleadings or technicalities." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.
22 1981). As such, courts should apply Rule 15's "policy of favoring amendments to pleadings . . .
23 with 'extreme liberality.'" *Id.* (citing *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir.
24 1960) (per curiam).

25     **A.**    **GOOD CAUSE EXISTS TO ALLOW THIS AMENDMENT.**
26       The proposed amendment serves a simple but important purpose: it allows Plaintiffs
27 Pamela Costner, Sandra Edinger, and Pamela Sinclair (who have already opted-in to assert
28 federal claims) to pursue their claims under state law as well. Plaintiffs Costner, Edinger, and

1  Sinclair (collectively, the "Individual Plaintiffs") opted-in to assert federal claims before the
2  amendment deadline, then were deposed after the amendment deadline. Likewise, the motion for
3  class certification was filed and decided after the amendment deadline. In these circumstances,
4  good cause exists to modify the scheduling order to allow this amendment. This change is
5  important and appropriate, and supports granting leave to amend.

6      Until class certification was briefed and decided, and the scope of the California class
7  was defined, the Individual Plaintiffs had no reason to assert their California claims. It would
8  undermine the purpose of class certification to require putative class members to individually
9  assert their state law claims before class certification; for the same reason, individuals who are
10 ultimately excluded from a class should not be precluded from asserting their individual claims.
11 Following the Court's class certification ruling, Plaintiff promptly began to meet and confer with
12 Defendant, including about an amended complaint. (Brome Decl. ¶ 5.) On the day the order was
13 issued, February 25, 2021, Plaintiff's Counsel emailed Defense Counsel to raise the prospect of
14 amending to add additional plaintiffs who would assert individual state law claims. (*Id.*) The
15 Parties submitted a stipulation to extend the deadline for non-dispositive motions on March 2,
16 2021. (ECF No. 100.) The Parties then participated in a settlement conference on March 23,
17 2021. (*See* ECF No. 103.) This motion is being filed only three days after the settlement
18 conference, and a month after the class certification order. Plaintiff and Plaintiff's Counsel were
19 diligent in seeking this amendment, supporting good cause. *See Kivett v. Flagstar Bank*, 333
20 F.R.D. 500, 507 (N.D. Cal. 2019) (granting motion under Rule 16, finding plaintiff's counsel
21 was diligent in moving filing a motion on August 20 after learning of the new plaintiffs' claims
22 on July 11.).

23     The Individual Plaintiffs performed work for Defendant in California as implementation
24 consultants, and seek to bring overtime and related claims under state law as well as federal law.
25 The parties have been actively litigating these claims, including through the recent contested
26 motion for class certification. Allowing amendment to pursue related state law claims is
27 appropriate. *E.g.*, *Qualcomm, Inc. v. Motorola, Inc.*, 989 F. Supp. 1048, 1049–50 (S.D. Cal.
28 1997) (allowing amendment to pursue state law conversion, theft of trade secrets, and unfair

business practice claims to patent infringement action). The similarity of the new additional claims to the pending claims supports good cause. *Bryant v. Harris*, 2014 WL 1608482, at *2 (N.D. Cal. April 21, 2014) (granting modification and leave to amend and finding an apparent lack of diligence in seeking amendment was "mitigated by the fact that the substitute claim is similar in purport to the claim that will be deleted.").

Similarly, adding individual claims for three workers—particularly where this case already includes Rule 23 class claims and FLSA collective claims—does not dramatically change the case and is a reasonable amendment. *See Nangle v. Penske Logistics, LLC*, 2016 WL 9503736, at *4 (S.D. Cal. July 20, 2016) (granting leave to amend to add a named plaintiff and an additional meal break claim).

Here, the Individual Plaintiffs have already opted-in to assert their federal claims, but do not have currently have state law claims in the case. They are outside the certified class, either because they worked as senior implementation consultants or because they worked in the Courts and Justice division (as opposed to the ERP division). *See* Brome Decl. Ex. 1, ¶¶ 11–13. Accordingly, the proposed change simply includes their individual state law claims, in addition to their pending federal claims.

**B.    THE *FOMAN* FACTORS FOR LEAVE TO AMEND THE COMPLAINT ARE SATISFIED HERE.**

Courts in the Ninth Circuit consider four factors in considering a motion for leave to amend the pleadings: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; and (4) futility of the amendment. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).[1] These factors derive from the Supreme Court's explanation that, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Not

---

[1] Some courts also consider previous amendments. Plaintiff has not previously amended the complaint here, so, to the extent the Court considers this factor, it favors amendment.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**                                     5

1   all the factors receive equal weight. Generally, "[i]n the absence of prejudice or a strong showing
2   of any of the remaining factors, there is a presumption under Fed R. Civ. P. 15(a) in favor of
3   granting leave to amend." *Abarca v. Merk & Co.*, 2011 WL 3503096, at *3 (E.D. Cal. Aug. 10,
4   2011).

5         Plaintiff easily meets the lenient standard for amending the Complaint to add Pamela
6   Costner, Sandra Edinger, and Pamela Sinclair as additional Named Plaintiffs to bring state law
7   claims. The motion should be granted.

8         **1.  No Undue Delay.**

9         Although undue delay is one consideration for a district court in analyzing a motion for
10  leave to amend, this factor alone is insufficient to deny amending a pleading. *See Webb*, 655 F.2d
11  at 980. The Ninth Circuit has noted that "delay alone no matter how lengthy is an insufficient
12  ground for denial of leave to amend." *Id.* "The mere fact that an amendment is offered late in the
13  case is . . . not enough to bar it." *Id.* (quoting 3 Moore's Federal Practice s 15.08(4) at 15-102).
14  Moreover, amending a pleading before the Court's deadline makes the amendment timely. *See*
15  *Cont'l Cars, Inc. v. Mazda Motor of Am., Inc.*, 2012 WL 3023321, at *2 (W.D. Wash. July 24,
16  2012) ("The amended pleadings deadline would be meaningless if the Court found that an
17  amendment was untimely when the amendment was sought before the Court's deadline.")

18        There has been no undue delay in this case. Plaintiffs Costner, Edinger, and Sinclair
19  joined the case in 2020, and were deposed in October 2020. (Brome Decl. ¶ 4.) Between the
20  Individual Plaintiffs joining the case and the current request to amend, the parties were engaged
21  in discovery, litigating Plaintiff's motion for class certification, and preparing for and
22  participating in a settlement conference. The case has been very active, and the time between the
23  Individual Plaintiffs' depositions in October and this motion is not an undue delay. *See Webb*,
24  655 F.2d at 980 (noting that amendment five years after initial pleadings was appropriate if
25  neither bad faith or prejudice was apparent).

26        Moreover, Tyler has been on notice of the allegations and the state law claims, since the
27  same factual allegations and the same causes of action were asserted in Plaintiff's Complaint.
28  (ECF No. 1.) Indeed, Tyler has been actively litigating the state law claims here, so is fully

1 aware of these claims, and will not be prejudiced by their addition here.

2 Additionally, the procedural posture of the case makes amendment appropriate. The next
3 step—summary judgment motions—is nearly a month away, and the Parties will be able to
4 address the existing claims as well as the Individual Plaintiffs' claims in those motions based on
5 the discovery conducted to date. *See Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *5
6 (N.D. Cal. Aug. 17, 2015) (finding no prejudice in part because "there are no . . . deadlines that
7 would need to be pushed back to accommodate amendment."). Tyler will have every opportunity
8 to defend these claims. In sum, given the current posture of the case, Plaintiff's request to amend
9 the Complaint is reasonable and not untimely.

10 **2. No Bad Faith.**

11 A motion to amend may be denied if it is a "dilatory move in bad faith." *United States v.*
12 *Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511–12 (9th Cir. 1991). Bad faith exists if
13 the proposed amendment is merely seeking to prolong the litigation process by adding "new but
14 baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999).

15 Plaintiff is not acting in bad faith by seeking to assert state law claims for additional
16 Named Plaintiffs. The current proposed amendment allows the Individual Plaintiffs the
17 opportunity to pursue the same state law claims that Plaintiff Kudatsky and the class assert.
18 Likewise, the Individual Plaintiffs' proposed state law claims are legitimate and are akin to their
19 existing FLSA claims. Plaintiff has been diligent in litigating this matter and are not now acting
20 in bad faith by seeking leave to amend the Complaint.

21 **3. No Prejudice To Defendant.**

22 "Prejudice typically arises where the opposing party is surprised with new allegations
23 which require more discovery or will otherwise delay resolution of the case." *Rieve v. Coventry*
24 *Health Care, Inc.*, 2012 WL 929737, at *2 (C.D. Cal. Mar. 19, 2012) (quoting *Wehlage v.*
25 *EmpRes Healthcare Inc.*, 2012 WL 3803 64, at *2 (N.D. Cal. Feb. 6, 2012). "'Undue prejudice'
26 means substantial prejudice or substantial negative effect; the Ninth Circuit has found such
27 substantial prejudice where the claims sought to be added 'would have greatly altered the nature
28 of the litigation and would have required defendants to have undertaken, at a late hour, an

1  entirely new course of defense.'" *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086
2  (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th
3  Cir. 1990)). The party opposing the proposed amendment bears the burden of showing prejudice.
4  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987). There is a presumption
5  under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence*
6  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

7  Tyler cannot show that it would be unduly prejudiced by the proposed amendment. The
8  addition of three Named Plaintiffs asserting state law claims will not cause any prejudice to
9  Defendant since the Individual Plaintiffs have already opted-in to assert FLSA claims, and have
10 already been deposed. *See Johnson*, 2015 WL 4913266, at *5 ("In short, because Defendants
11 were already on notice that these claims existed, the proposed amendments do not represent a
12 major change in the scope of the claims or in the tenor of the case. Thus, there is so no
13 prejudice."). Here, no additional discovery will be necessary as a result of adding these claims,
14 since the state law claims are based on common facts and share the same legal issues, and the
15 upcoming motion practice will not be meaningfully changed. *Nagle*, 2016 WL 9503736, at *2
16 (S.D. Cal. July 20, 2016) (finding no prejudice in part because "Plaintiff's anticipated
17 amendment relates to the same set of facts that were at issue in the original complaint and will
18 therefore not require voluminous discovery.") Indeed, the case already contains the state law
19 claims asserted on behalf of Plaintiff Kudatsky and the class.

20 Tyler has deposed the Individual Plaintiffs and will have every opportunity to present
21 evidence regarding their state law claims. Ultimately, because of the overlapping facts and legal
22 issues among the FLSA claims and state law claims, the proposed amendment will not
23 significantly change the course of this litigation, and Tyler will not be prejudiced.

24 **4. Plaintiff's Proposed Amendment Is Not Futile.**

25 "[A] proposed amendment is futile *only* if no set of facts can be proved under the
26 amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Angel*
27 *Jet Servs., L.L.C. v. Raytheon Health Benefits Plan*, 2011 WL 744917, at *3 (D. Ariz. Feb. 25,
28 2011) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) (emphasis

1  added); *see also Cont'l Cars*, 2012 WL 3023321, at *2 (noting an amendment is futile if it
2  cannot survive a motion to dismiss). "The party opposing amendment bears the burden of
3  proving futility." *Renner v. Bank of Am., N.A.*, 2014 WL 4209254, at *2 (D. Ariz. Aug. 26,
4  2014). Here, the addition of state law claims is not futile and Tyler will be unable to prove
5  otherwise. For the same reasons that the FLSA and California claims that are already part of the
6  case are viable, the new individual state law claims are legitimate.

7     C.     RELATION BACK

8  Federal Rule 15 also provides for the relation back of amendments if the amendment
9  asserts a claim that arose out of the same conduct or occurrence, or a non-moving party was on
10 notice of that action that it would not be prejudiced in defending it on the merits. *See* Fed. R.
11 Civ. P. 15(c)(1)(B); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1208–10 (N.D. Cal.
12 2013) (waiting time penalty and PAGA claims relate back because they will be proven with the
13 same kind of evidence as required for initially pleaded meal and rest period claims); *Perkins v. S.
14 New England Tel. Co.*, 2009 WL 3754097, at *2 (D. Conn. Nov. 4, 2009) (holding that new
15 plaintiffs in FLSA and state law action "can act as named plaintiffs prior to the filing of their
16 consent forms."); *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 638 F. Supp. 2d 1290,
17 1295–96 (D. Colo. 2009) ("the new class action claims arose out of the same conduct alleged in
18 the original Complaint; namely, the assertion that American Family improperly refused to pay
19 certain of its claims adjusters overtime wages."); *Castle v. Wells Fargo Fin., Inc.*, 2008 WL
20 2079192, at *1–2 (N.D. Cal. May 15, 2008) (granting relation back where new complaint added
21 claims for a new category of workers (loan processors)).

22 Rule 15(c)'s requirements are met in this case. The circumstances that gave rise to the
23 initial FLSA claims are that Tyler employed certain Implementation Consultants but
24 misclassified them as exempt and failed to pay overtime required by state and federal law. The
25 circumstances that give rise to state law overtime claims are essentially identical to those that
26 give rise to the FLSA claims, which is why both claims were asserted in the initial complaint.
27 Likewise, the wage statement and waiting time penalty claims are derivative of the unpaid
28 overtime: if Tyler failed to properly pay overtime, then it failed to pay all wages when its well

implementation consultants ended employment, giving rise to waiting time penalties; likewise, since Tyler did not track hours worked, it did not include all hours worked or rates of payment on implementation consultants' wage statements. These claims will be proven by "the same kind of evidence" as the overtime claim. *Ramirez*, 941 F. Supp. 2d 1197, 1208–10. Specifically, all those claims will consider evidence from documents and testimony showing what hours plaintiffs worked, what they were paid, how their pay and hours were reported (including wage statement deficiencies). The new claims therefore arise from the same facts and circumstances as the initial complaint.

Plaintiff's initial Complaint asserted state law claims on behalf of Mr. Kudatsky and a class, and included all the relevant factual allegations giving rise to California claims. Importantly, the proposed amended complaint does not add any factual allegations other than those specific to the Individual Plaintiffs. Tyler was put on notice by the filing of Plaintiff's Complaint that it would be defending against California state law claims, and it has been defending them – including by deposing the Individual Plaintiffs. Under these circumstances, Plaintiff's proposed amended complaint relates back. *See DeLodder v. Aerotek, Inc.*, 2009 WL 1684409, at *5 (C.D. Cal. June 15, 2009) ("Defendant was put on notice by the [First Amended Complaint] that it would have to defend against claims concerning its policies and practices with regard to overtime, timekeeping, and rest breaks. Plaintiff's additional claims relate to these practices and the class of plaintiffs that plaintiff seeks to add were affected by these practices. Therefore, plaintiff's amendments relate back to the filing of the original complaint.").

### III. CONCLUSION

Good cause exists to modify the scheduling order, and leave to amend should be freely granted. The Individual Plaintiffs seek to assert state law claims that flow from the same factual allegations as the existing FLSA claims and existing class claims. This amendment will have no impact on deadlines, will not prejudice Defendant, and will not lead to any additional discovery. For the foregoing reasons, this Court should grant Plaintiff's motion to modify the scheduling order, and grant leave to amend to add the Individual Plaintiffs as Named Plaintiffs to assert individual claims under California law.

Dated: March 26, 2021 NICHOLS KASTER, LLP

By: s/Daniel S. Brome
Matthew C. Helland
Rachhana T. Srey
Daniel S. Brome

Attorneys for Plaintiff and Others Similarly Situated