# Exhibit 2

Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133**
NICHOLS KASTER, PLLP
80 S. 8th Street, Ste. 4600
Minneapolis, MN,  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
Michael Brown, MD Bar No. 20814*
mbrown@nicholllaw.com
THE LAW OFFICES OF PETER T. NICHOLL
36 Charles Street, Suite 1700
Baltimore, MD 21201

*Pro hac vice application forthcoming
**Admitted pro hac vice

Attorneys for Plaintiffs and those similarly situated

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated, Pamela Costner, Sandra Edinger, and Pamela Sinclair, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> Tyler Technologies, <br><br> Defendant. | Case No.:   3:19-CV-07647-WHA <br><br> **FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)** <br><br> **(2) Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))** <br> **(3) Waiting Time Penalties (Cal. Lab. Code §§ 201–203)** |

**(4)  Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)**

**(5)  Violation of California Business and Professions Code §§ 17200 *et seq.***

**PRELIMINARY STATEMENT**

1.      This is a class and collective action brought by Plaintiff Aaron Kudatsky (the "Representative Plaintiff"), on behalf of himself and all others similarly situated, and by individual Plaintiffs Pamela Costner, Sandra Edinger, and Pamela Sinclair (the "Individual Plaintiffs"). Plaintiffs and those similarly situated are or were employed by Defendant Tyler Technologies ("Tyler" or "Defendant"), as ~~Implementation Coordinators,~~ Implementation Consultants, or other positions with similar titles and/or duties (collectively "Implementation ~~Reps~~Consultants") and were denied proper compensation as required by federal wage and hour laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The FLSA Collective is made up of all persons employed by Defendant as Implementation ~~Reps~~Consultants within the United States and any time from three years prior to the filing of this Complaint (the "Collective Period").

3.      The California Class is made up of all persons employed by Defendant as Implementation ~~Reps~~Consultants within the State of California at any time from four years prior to the filing of this Complaint (the "Class Period").

4.      During the Class and Collective Periods, Defendant failed to pay overtime compensation to Plaintiffs and each member of the putative class and the FLSA Collective as required by state and federal law.  Plaintiffs seeks relief for the California Class under California wage and hour law, and for the FLSA Collective under the FLSA, to remedy Defendant's failure to pay appropriate overtime compensation, to pay waiting penalties, and to provide accurate wage statements.

**JURISDICTION AND VENUE**

5.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq.*

6.      The Court has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8.      Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco/Oakland Division of the Northern District of California because a substantial portion of the events or omissions giving rise to the dispute occurred in San Francisco County.

**PARTIES**

9.      Plaintiff Aaron Kudatsky ("Kudatsky") is an adult resident of San Francisco, California. From approximately July 2016 to March 2019, Plaintiff Kudatsky (also referred to as the Class Representative Plaintiff) was employed by Defendant as an Implementation Consultant.

10.      During his employment with Defendant, Kudatsky worked remotely from his primary residence in Reno, Nevada and secondary residence in San Francisco, California, but primarily worked on location at Defendant's clients' offices in California in such cities as San Ramon and Pleasanton.  Plaintiff Kudatsky was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the California Labor Code.

11.      Plaintiff Pamela Costner is an adult resident of Kent, Washington. Since approximately September 2013, Plaintiff Costner has been employed by Tyler as an Implementation Consultant within the ERP division. Since approximately 2017, Plaintiff Costner has held the title of Senior Implementation Consultant. Plaintiff Costner was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the California Labor Code.

12.      Plaintiff Sandra Edinger is an adult resident of McKinney, Texas. From approximately February 2014 to approximately December 2017, Plaintiff Edinger worked for Tyler as an Implementation Consultant within the Courts and Justice division. Since approximately 2017,

-3-

Plaintiff Edinger held the title of Senior Implementation Consultant. Plaintiff Edinger was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the California Labor Code.

10.13.   Plaintiff Pamela Sinclair is an adult resident of Yerington, Nevada. From approximately September 2011 to approximately July 2016, Plaintiff Sinclair worked for Tyler as an Implementation Consultant within the ERP division. From approximately July 2016 to approximately July 2018, Plaintiff Sinclair worked for Tyler as a quality assurance analyst. From approximately July 2018 to approximately February 2019, Plaintiff Sinclair worked for Tyler as an Implementation Consultant within the Courts and Justice division. Plaintiff Sinclair was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the California Labor Code.

11.14.   Defendant Tyler is a Delaware corporation that specializes in creating software solutions and providing related services, generally to the public sector.

12.15.   At all relevant times, Defendant's gross annual sales made or business done have been in excess of $500,000.00.  Defendant operates in interstate commerce by, among other things, providing its software products and services in multiple states throughout the United States, including California, Arizona, Arkansas, California, Colorado, Georgia, Iowa, Maine, Massachusetts, Michigan, Missouri, Montana, New Hampshire, Ohio, Texas, Virginia, Washington, and Washington D.C.

13.16.   Defendant was Plaintiffs's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g) and the California Labor Code.

## FACTUAL ALLEGATIONS

14.17.   Plaintiffs re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

15.18.   Defendant has thousands of public sector clients including cities, states, counties, federal agencies, states and school districts throughout the United States.

16.19.   Defendant's principal place of business is in Plano, Texas.

~~17.~~20.   Defendant develops and creates software solutions and provides support services to various clients.  To assist its clients, Defendant employs Implementation ~~Reps~~Consultants such as Plaintiff~~s~~ and others similarly situated at its offices across the country.

~~18.~~21.   Regardless of their office location or specific job title, Implementation ~~Reps~~Consultants have similar job responsibilities and perform similar duties.

~~19.~~22.   Implementation ~~Reps~~Consultants primarily provide on-site and remote services to Tyler's clients during the software or application implementation process, including assisting with setting up applications, gathering information from clients regarding data conversion, assisting with the roll-out process and providing training relating to the administration and use of applications to the client.

~~20.~~23.   In providing training to Defendant's clients, Plaintiff~~s~~ and other Implementation ~~Reps~~Consultants were required to follow specific procedures and guidelines outlined in reference documents, training guideline documents, and other written materials.

~~21.~~24.   For example, Defendant provided Plaintiff~~s~~ with instructions on how to properly train clients to configure and use software on their computers. Defendant also provided Plaintiff~~s~~ and those similarly situated with materials that outlined how to train clients on the overall use and functionality of the software.  These materials, which included following scripted training guidelines, were typically used in conjunction with training sessions and/or presentations Plaintiff~~s~~ provided to Defendant's clients.

~~22.~~25.   Defendant also provided Plaintiff~~s~~ and other Implementation ~~Reps~~Consultants instructions regarding procedures to follow when assisting clients with basic troubleshooting and answering basic questions.

~~23.~~26.   Plaintiff~~s~~ and other Implementation ~~Reps~~Consultants were provided weekly agendas from their project managers which detailed their expected duties for the specific modules that they were completing.

~~24.~~27.   Plaintiff~~s~~ and other Implementation ~~Reps~~Consultants performed their work from home, at Defendant's office locations and on-site where Defendant's clients were located.  Plaintiff~~s~~

1  and Implementation ~~Reps~~Consultants were required to travel to Defendant's clients' locations and

2  remain on-site until the training and the weekly agendas were completed.

3  ~~25.~~28.   While working on-site, Plaintiff_s_ and other Implementation ~~Reps~~Consultants faced

4  situations where they would need the assistance of the support department.  There were instances

5  when Plaintiff_s_ and other Implementation ~~Reps~~Consultants worked with the support department

6  during working hours. However, at times, Plaintiff_s_ and other Implementation ~~Reps~~Consultants

7  worked with the support department after hours while they were at their hotel.

8  ~~26.~~29.   After completing an on-site visit, Plaintiff_s_ and other Implementation

9  ~~Reps~~Consultants were required to perform certain follow-up work, including completing expense

10  reports and other reports summarizing the work they completed on-site.  Following the completion

11  of these reports, Plaintiff_s_ and other Implementation ~~Reps~~Consultants would begin preparing for the

12  next client project by completing research on the client and communicating with previous

13  Implementation ~~Reps~~Consultants who have worked with that client.   Plaintiff_s_ and other

14  Implementation ~~Reps~~Consultants would complete this preliminary work on the weekends in order

15  to be prepared to work with the new client.

16  ~~27.~~30.   Plaintiff_s_ and other Implementation ~~Reps~~Consultants were paid a salary with no

17  overtime pay.

18  ~~28.~~31.   From approximately July 2016 to March 2019, Plaintiff Kudatsky was paid an

19  annual salary of approximately $50,000.00-$54,000.00.  Plaintiff also received additional pay per

20  completed client billable day ranging between $30-$120 per billable day. The Individual Plaintiffs

21  were similarly compensated through a salary plus incentives.

22  ~~29.~~32.   Plaintiff_s_ and other similarly situated Implementation ~~Reps~~Consultants were

23  classified as exempt from state and federal overtime laws.

24  ~~30.~~33.   Defendant suffered and permitted Plaintiff_s_ and the similarly situated individuals to

25  work more than forty (40) hours per week, and over eight (8) hours per day without overtime pay.

26  ~~31.~~34.   For example, during the week ending September 21, 2018, Plaintiff Kudatsky

27  estimates that he worked approximately 52 hours and did not receive overtime pay for his overtime

28  hours worked.

32.35.   Defendant has been aware, or should have been aware, that Plaintiffs and the other Implementation RepsConsultants performed non-exempt work that required payment of overtime compensation.   For instance, Defendant often required Plaintiffs and other Implementation RepsConsultants to work on multiple projects at once, resulting in the need to work overtime. Implementation RepsConsultants were also often required to stay on-site at a client's office longer than they were scheduled.

33.36.   Additionally, Plaintiff Kudatsky complained to his managers about working overtime hours.  In response, his managers were either dismissive or informed Plaintiff Kudatsky that he needed to work overtime hours in order to complete all of his work and meet the deadlines.

34.37.   Although it had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiffs and the similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35.38.   Plaintiffs and the putative FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

36.39.   Plaintiff Kudatsky fileds this action on behalf of himself and all other similarly situated individuals.  The putative FLSA Collective is defined as follows:

> All persons who worked for Defendant as Implementation Coordinators, Implementation Consultants, or other positions with similar job duties and/or job titles within the United States at any time during the last three (3) years prior to the filing of this Complaint ("FLSA Collective").

37.40.   Plaintiffs have has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).   Plaintiffs's signed consent form is attached hereto as Exhibit Ahave been previously filed in this matter.   In addition, consent forms from other Implementation RepsConsultants who desire to join this litigation are attached as Exhibit Bhave previously been filed.  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

-7-

38.41.   During the applicable statutory period, Plaintiffs and the putative FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

39.42.   At all times relevant to this Complaint, Plaintiffs and other members of the FLSA Collective worked as non-exempt employees eligible for overtime pay.  The duties Defendant assigned Plaintiffs  and other Implementation RepsConsultants do not satisfy the duties tests contained within any of the exemptions specified in the FLSA.

40.43.   Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring Implementation RepsConsultants and other similarly situated to work excessive hours and failing to pay them overtime compensation.

41.44.   Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the putative FLSA Collective.  Accordingly, notice should bewas sent to the putative FLSA Collective.  There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## STATE LAW CLASS ACTION ALLEGATIONS

42.45.   Plaintiffs and the putative California Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

43.46.   In addition to not tracking all of the hours worked by Plaintiffs and other Implementation RepsConsultants, the wage statements provided to Plaintiffs and others similarly situated did not accurately reflect the hours worked or the hourly rates paid.

44.47.   Plaintiff Kudatsky's employment ended in March 2019. Plaintiff Edinger's employment ended in approximately December 2017. Plaintiff Sinclair's employment ended in approximately February 2019. At the time his their employment ended, Defendant did not pay all wages due to Plaintiffs Kudatsky, Edinger, or Sinclair.

-8-

45.48.   Other members of the California Class have also ended their employment with Defendant.

46.49.   Because Defendant did not pay Plaintiffs and other similarly situated Implementation RepsConsultants for overtime, Defendant did not provide them all wages owed at the time they were no longer employed by Defendant. Defendant's policy and practice of not paying overtime to Plaintiffs or other Implementation RepsConsultants meant Defendant never paid them all wages due at the time of discharge.

47.50.   The California Representative Plaintiff and California Class bring this action as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **California Class:**     All persons who worked for Defendant as Implementation Coordinators, Implementation Consultants, or other positions with similar job duties and/or job titles within the State of California at any time during the last four (4) years prior to the filing of this Complaint.

48.51.   Numerosity:   Upon information and belief, the California Class are so numerous that joinder of all members is impracticable.  Upon information and belief, during the relevant time period, Defendant employed over 40 people who satisfy the definition of the proposed Class.

49.52.   Typicality:     The California Representative Plaintiff's claim is typical of the members of the California Class.  He seeks application of California state law only for the time periods when he worked in California. Plaintiff is informed and believes that, like other Implementation RepsConsultants, he routinely worked more than forty hours per week, and more than eight hours per day, during the Class Period.  The California Representative Plaintiff had the same duties and responsibilities as other Class members.  The California Representative Plaintiff and the California Class were subject to Defendant's policy and practice of improperly classifying Implementation RepsConsultants as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, and failing to maintain accurate records of hours worked.

50.53.   Superiority:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation

-9-

where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

51.54.  Adequacy:     The California Representative Plaintiff will fairly and adequately protect the interests of the California Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

52.55.  Commonality:        Common questions of law and fact exist to all members of the California Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a.  Whether Defendant improperly treated the California Representative Plaintiff and the members of the California Class as exempt from California's overtime requirements;

    b.  Whether Defendant unlawfully failed to pay appropriate overtime compensation to the California Representative Plaintiff and the members of the California Class in violation of the California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 4 (8 C.C.R. § 11040), and the FLSA;

    c.  Whether the California Representative Plaintiff and the members of the California Class who are no longer employed by Defendant are entitled to waiting time penalties pursuant to California Labor Code § 203;

    d.  Whether Defendant provided adequate itemized wage statements to the California Representative Plaintiff and the members of the California Class pursuant to California Labor Code § 226;

    e.  Whether Defendant's conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq*. by violating the state and federal laws as set forth herein;

    f.  The proper measure of damages sustained by the California Representative Plaintiff and the California Class;  and

    g.  Whether Defendant's actions were "willful" and/or "knowing and intentional."

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

53.56.  This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

54.57.  Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only affecting individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendant's common and uniform policies and practices denied the members of the California Class the overtime pay to which they are entitled.  The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

55.58.  The California Representative Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23.  The names and addresses of the members of the California Class is  available from Defendant.

## FIRST CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

(On Behalf of Plaintiffs and the FLSA Collective)

56.59.  Plaintiff Kudatsky, individually and on behalf of the FLSA Collective, and the Individual Plaintiffs realleges and incorporates by reference the above paragraphs as if fully set forth herein.

57.60.   The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  29 U.S.C. § 207.

58.61.   Defendant Tyler is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

59.62.   Plaintiffs and the FLSA Collective are non-exempt covered employees.  29 U.S.C. § 203(e)(1).

60.63.   Plaintiffs and the FLSA Collective have worked more than forty hours (40) per week for Defendant during the applicable time period.

61.64.   Defendant has not properly compensated Plaintiffs or the FLSA Collective for their overtime hours as required by the FLSA.

62.65.   Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

63.66.   Defendant knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates.  *See* 29 U.S.C. § 255.

64.67.   Defendant's willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

65.68.   By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA.

66.69.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

67.70.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## **SECOND CLAIM FOR RELIEF**

## **OVERTIME - CALIFORNIA STATE LABOR CODE**

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

-12-

1    (On Behalf of the California Representative Plaintiff and the California Class and the Individual

2    Plaintiffs)

3    68.71.  Plaintiff Kudatsky, individually and on behalf of the California Class, and the

4    Individual Plaintiffs realleges and incorporates by reference the allegations in the preceding

5    paragraphs.

6    69.72.  At all times relevant to this action, the California Representative Plaintiff, and the

7    California Class, and the Individual Plaintiffs were was employed by Defendant within the meaning

8    of the California Labor Code.

9    70.73.  By the course of conduct set forth above, Defendant violated Cal. Labor Code §§

10   510 and 1194.

11   71.74.  The California Labor Code requires employers, such as Defendant, to pay overtime

12   compensation to all non-exempt employees.

13   72.75.  The California Representative Plaintiff, and the California Class, and the Individual

14   Plaintiffs were non-exempt employees entitled to be paid proper overtime compensation for all

15   hours worked.

16   73.76.  During the relevant statutory period, the California Representative Plaintiff, and the

17   California Class, and the Individual Plaintiffs worked in excess of eight hours in a work day and/or

18   forty hours in a work week for Defendant.

19   74.77.  During the relevant statutory period, Defendant failed and refused to pay the

20   California Representative Plaintiff, and the California Class, and the Individual Plaintiffs proper

21   overtime compensation for overtime hours worked.

22   75.78.  Defendant had a policy and practice of failing and refusing to pay proper overtime

23   pay to the California Representative Plaintiff, and the California Class, and the Individual Plaintiffs

24   for their overtime hours worked.

25   76.79.  As a result of Defendant's failure to pay wages earned and due, Defendant violated

26   the California Labor Code.

27   77.80.  As a direct and proximate result of Defendant's unlawful conduct, as set forth

28   herein, the California Representative Plaintiff, and the California Class, and the Individual

-13-

Plaintiffs have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**

**CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE**

Cal. Labor Code §§ 201, 202 & 203

(On Behalf of the California Representative Plaintiff and the California Class, and Individual Plaintiffs Edinger and Sinclair)

78.81. Plaintiff Kudatsky, individually and on behalf of the California Class, and the Individual Plaintiffs realleges and incorporates by reference the allegations in the preceding paragraphs.

79.82. California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

80.83. The California Representative Plaintiff, and the California Class, and the Individual Plaintiffs are entitled to unpaid wages and overtime compensation, but to date have not received all such compensation.

81.84. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, the California Representative Plaintiff, and those members of the California Class whose employment with Defendant has ended, and the Individual Plaintiffs Edinger and Sinclair are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**

**CALIFORNIA WAGE STATEMENT PROVISIONS OF LABOR CODE**

Cal. Labor Code § 226

(On Behalf of the California Representative Plaintiff and the California Resident Class)

-14-

82.85.  Plaintiff, individually and on behalf of the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

83.86.  Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked and hourly rates paid, to the California Representative Plaintiff and the California Resident Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to Plaintiff and the California Resident Class, by, among other things, impeding them from knowing the amount of wages to which they were and are entitled.

84.87.  The California Representative Plaintiff and the California Resident Class seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period and their attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of the California Representative Plaintiff and the California Class and the Individual Plaintiffs)

85.88.  Plaintiff Kudatsky, individually and on behalf of the California Class, and the Individual Plaintiffs realleges and incorporates by reference the allegations in the preceding paragraphs.

86.89.  The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

87.90.  Beginning at a date unknown to the California Representative Plaintiff, but at least as long ago as the year 2015, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendant's conduct as herein alleged has injured the California Representative Plaintiff, and the California

1  Class, and the Individual Plaintiffs by wrongfully denying them earned wages, and therefore was

2  substantially injurious to Plaintiffs and the California Class.

3      88.91.  Defendant engaged in unfair competition in violation of the UCL by violating, *inter*

4  *alia*, each of the following laws.  Each of these violations constitutes an independent and separate

5  violation of the UCL:

6          A.      Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*; and

7          B.      California Labor Code §§ 510 & 1194.

8      89.92.  Defendant's course of conduct, acts, and practices in violation of the California laws

9  mentioned in the above paragraph constitute a separate and independent violation of the UCL.

10 Defendant's conduct described herein violates the policy or spirit of such laws or otherwise

11 significantly threatens or harms competition.

12     90.93.  The harm to the California Representative Plaintiff, and the California Class, and

13 the Individual Plaintiffs in being wrongfully denied lawfully earned wages outweighed the utility,

14 if any, of Defendant's policies or practices and therefore, Defendant's actions described herein

15 constitute an unfair business practice or act within the meaning of the UCL.

16     91.94.   Pursuant to Business and Professions Code § 17200 *et seq.*, the California

17 Representative Plaintiff, and the California Class, and the Individual Plaintiffs are entitled to

18 restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and

19 retained by Defendant during a period that commences four years prior to the filing of this action,

20 an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law,

21 and costs.

22                          **PRAYER FOR RELIEF**

23     **WHEREFORE,** Plaintiff Kudatsky, individually and on behalf of the FLSA Collective,

24 prays for relief as follows:

25          a.      Designation of this action as a collective action on behalf of Plaintiff Kudatsky and

26 those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those

27 similarly situated apprising them of the pendency of this action, and permitting them to assert timely

28 FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

-16-

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1    b.    Judgment that Plaintiffs and the FLSA Collective are non-exempt employees

2    entitled to protection under the FLSA;

3    c.    Judgment against Defendant for violations of the overtime provisions of the FLSA;

4    d.    Judgment against Defendant for an amount equal to Plaintiffs's and the FLSA

5    Collective's unpaid back wages at the applicable overtime rates;

6    e.    A finding that Defendant's violations of the FLSA are willful;

7    f.    An amount equal to Plaintiffs's and the FLSA Collective's damages as liquidated

8    damages;

9    g.    All costs and attorneys' fees incurred prosecuting this claim;

10   h.    An award of any pre- and post-judgment interest; and

11   i.    For such other and further relief, in law or equity, as this Court may deem

12   appropriate and just.

13   **WHEREFORE**, the California Representative Plaintiff, on behalf of himself, and all

14   members of the California Class, and on behalf of the general public, and the Individual Plaintiffs

15   prays for relief as follows:

16   a.    Unpaid overtime wages and other due wages pursuant to California law;

17   b.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules

18   of Civil Procedure;

19   c.    Designation of the California Representative Plaintiff as representative of the

20   California Class and counsel of record as Class Counsel;

21   d.    Appropriate equitable relief to remedy Defendant's violations of state law;

22   e.    Appropriate statutory penalties;

23   f.    An award of damages and restitution to be paid by Defendant according to proof;

24   g.    Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code

25   § 1194 and California Code of Civil Procedure § 1021.5;

26   h.    Pre-judgment and post-judgment interest, as provided by law; and

27   i.    Such other equitable relief as the Court may deem just and proper.

28

1    Dated: ~~November 20, 2019~~March 26, 2021    **NICHOLS KASTER, LLP**

2                                    By:      /s/ ~~Matthew C. Helland~~Daniel S. Brome

3    _____

4                                             ~~Matthew C. Helland~~ Daniel S. Brome

5                                             ATTORNEYS FOR PLAINTIFFS AND THE
     ~~PUTATIVE~~ CLASS~~ES~~

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28