Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile:  469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St, Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile:  469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>Defendant. | Case No.:   3:19-CV-07647-WHA<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Action Filed: November 20, 2019 |

Defendant Tyler Technologies, Inc. ("Tyler") files this response in opposition to Plaintiff's Motion to Modify The Scheduling Order and For Leave to File First Amended Complaint ("Plaintiff's Motion"). Plaintiff's proposed amendment, filed well over a year after this lawsuit was filed and nearly two months before the current trial setting, would add three new named plaintiffs to the case who, for varying reasons, are not part of the Rule 23 class preliminarily certified by the Court. As

-1-

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

explained more fully below, the inclusion of three new plaintiffs, who worked in different positions and, in the case of two of the new plaintiffs, different Tyler departments than the other class and collective members, would require the Court to conduct multiple trials drawing on different evidence to address discrete claims. For this reason, Tyler opposes Plaintiff's motion.

## I. Legal Standards

As the deadline for leave to amend their complaint under the Court's scheduling order passed nearly nine months ago, Plaintiffs "must show not only that leave to amend is appropriate under Fed. R. Civ. P. 15(a) but also must show that they have good cause to amend the case scheduling order pursuant to Fed. R. Civ. P. 16(b)." *Feske v. MHC Thousand Trails Ltd. P'ship*, No. 11-4124 PSG, 2013 WL 1120816, at *3 (N.D. Cal. Mar. 18, 2013). "Although Rule 15(a) generally is interpreted permissively, the [Plaintiffs] do not enjoy such a liberal interpretation under Rule 16(b)." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

A court need not grant leave to amend a complaint where plaintiffs seek to add individual claims that would inject individualized issues that the Court previously found defeated class certification for those individuals. *O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2015 WL 8587589, at *2 (N.D. Cal. Dec. 10, 2015). Permitting the addition of individual claims that fall outside the preliminarily certified class "would only complicate an already complicated case and effectively undermine the effect of the Court's certification decision . . . ." *Id.*

## II. Argument

After more than a year after he filed this lawsuit, Plaintiff now seeks to transform this case from a collective and class action regarding ERP implementation consultants into a case adding discrete, individualized claims of three new plaintiffs who are not ERP implementation consultants. Apparently recognizing that such a request is not proper, Plaintiff waits until page five of his Motion to explain why he seeks to amend his Complaint. The proposed amendment seeks to remedy the fact

- 2 –

that the three individuals – Pamela Costner ("Costner"), Sandra Edinger ("Edinger"), and Pamela Sinclair ("Sinclair") – are not part of the class of Implementation Consultants in Tyler's ERP Division preliminarily certified by the Court through its Order of February 25, 2021.  In other words, it seeks directly to circumvent the efficiencies that Plaintiff professed warranted class treatment.  As the Court already ruled, however, Senior Implementation Consultants, such as Costner and Edinger, are not sufficiently similar to Implementation Consultants to have their claims adjudicated in the same setting either as part of one class or, as Plaintiff requested, as part of a separate class.   Moreover, two of the proposed new plaintiffs—Edinger and Sinclair—worked in Tyler's Courts and Justice Division and thus outside Tyler's ERP Division in which Plaintiff and the employees he represents worked.

These differences are not mere distinctions without a difference.  Instead, they are material to the issues the Court must decide at trial.  Allowing these individuals to join the case now as requested would require Tyler to put on evidence and arguments as to the exempt status of Senior Implementation Consultants and Implementation Consultants from outside the ERP division.  The Court would then have to reach separate merits determinations as to these three individuals.  Thus, Plaintiff's assertion that adding the individuals as named plaintiffs "does not dramatically change the case" is simply not correct.  Instead, adding these individuals effectively requires the Court to conduct three additional trials on three new claims.

For example, as the case is currently constituted, Tyler would not be required to put on proof of the job duties of Senior Implementation Consultants and to prove the exempt status of employees in that position.  If the proposed amendment were granted, Tyler would be required to put on this proof, at least as to proposed plaintiffs Costner and Edinger.  As a result, Tyler would need to present discrete additional testimony and documentary evidence regarding the activities of Senior Implementation Consultants.  Similarly, and perhaps more significantly, Tyler will be forced to present an entirely new slate of evidence regarding its Courts and Justice Division, which operates separately

- 3 –

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

from the ERP Division. Such a requirement would be fundamentally unfair in light of the fact that this case has proceeded as an ERP-only matter since the parties agreed to conditionally certify an ERP-only collective at the outset of this litigation. If the amendment is allowed, Tyler's evidence will have to be drawn broadly from new witnesses and other evidentiary sources that have not been involved in this case up to this point.

The result of permitting Plaintiff's proposed amendment therefore would be to unavoidably add additional complexities for the Court and burden on Tyler by raising additional factual and legal issues as to the proper classification of the three proposed named plaintiffs. Avoiding these additional complexities, and denying Plaintiff's motion, is particularly warranted given the amount of time the case has been on file and the proximity of the pretrial and trial deadlines.

DATED: April 6, 2021                                REED SMITH LLP

                                                    By:   */s/ Paulo B. McKeeby*
                                                          Brian K. Morris
                                                          Paulo B. McKeeby
                                                          Michael A. Correll

                                                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Paulo B. McKeeby, an attorney, hereby certify that on April 6, 2021, I caused a true and correct copy of Tyler Technologies, Inc.'s Response to Plaintiff's Motion to Modify Scheduling Order and for Leave to File First Amended Complaint to be served via the CM/ECF system, which will send notification of such filing to the e-mail address of all counsel of record.

                                                    */s/ Paulo B. McKeeby*
                                                    Paulo B. McKeeby

- 4 –

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

US_ACTIVE-159399098.1