# EXHIBIT  K

Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile:  469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile:  469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>                   Defendant. | Case No.:     3:19-CV-07647-WHA<br><br>**DECLARATION OF CARRIE GIESY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S RULE 23 MOTION FOR CLASS CERTIFICATION** |

I, Carrie Giesy, declare:

1.      I am the Senior Director of Implementation for Defendant Tyler Technologies ("Tyler") in this matter and have been in that position since August of 2019.  I make this declaration based upon my personal knowledge, and could so testify if called to do so.

-1-
**DECLARATION OF CARRIE GIESY**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.      I have worked in Tyler's Enterprise Resources Planning (ERP) division since my employment with Tyler beginning in May of 2006.  Within the ERP division, I have held several different jobs other than my current role, including implementation consultant, project manager, and implementation manager.  In those roles, as well as in my current position in which I generally oversee the implementation process, I have personal knowledge of the job duties and functions of implementation consultants within Tyler's ERP division.

3.      Since 2011, I have been a resident of California and currently reside in Santa Barbara, California.  In addition, many of the implementation consultants with whom I have worked or who I have supervised have worked in or resided in California.

4.      Tyler markets and licenses proprietary software to primarily state and municipal governments.   Tyler's ERP division supports a variety of software applications for the public sector, including financial software, human capital management software (which involves payroll-related applications), utility billing software, and tax software.

5.      In addition to the software that Tyler licenses to its customers, Tyler's contracts with its customers to provide support and maintenance services, as well as implementation services. "Support" refers to addressing technical or other issues after the software has been installed for the customer, and maintenance refers to developing and then making available updates and upgrades to the licensed software.  "Implementation" refers to the work performed primarily by implementation consultants to ensure that Tyler's software meets the contract specifications and the business processes that are identified during the implementation process, are installed and configured consistent with those specifications and business processes, and that the customer's end users are trained to use Tyler's software at the end of the implementation process.

6.      While implementation consultants within the ERP division are all involved with the implementation, as a general term, of Tyler's software, and are covered by the same general job

**DECLARATION OF CARRIE GIESY**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

US_ACTIVE-156615656.5

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

description, "implementation" refers more to a process than a single, discrete job duty.  Indeed, implementation often takes several months, and sometimes years, from kick-off to go-live, and a particular client implementation may involve multiple implementation consultants who work on different phases of, or tasks within, the same project.  As such, the day-to-day job duties of implementation consultants, even within the ERP division, and even for the same product within the ERP division, can vary significantly depending on a variety of factors.

7.      One of those factors is the seniority of the particular implementation consultant.  As implementation consultants become more familiar with the software they are supporting, or a particular module of that software, and as they become more comfortable assessing client needs and answering client questions about the software or the module, they are even more involved in the consultative aspect of the implementation process than they were at the beginning of their role. For example, more experienced implementation consultants meet with customer representatives to understand their software needs in more depth and nuance, to evaluate their legacy systems and how Tyler's software might differ in the performance of various functions, and to make recommendations regarding configuration and other options within Tyler's software.  These types of functions—which generally occur during the "current state/future state" phase of the implementation process—are less frequently performed by more junior implementers with less experience.  Another job function not typically performed by more junior implementation consultants is conversion mapping, which involves reviewing legacy system client data and assessing how that data needs to fit, or "map", within the Munis software module.

8.      Another factor that contributes to the variances between implementation consultant job duties involve project manager assignments and regional considerations.  Implementation consultants who implement the Munis product within the ERP division work closely with and report to Munis project managers.  From my experience, different Munis project managers have different expectations

- 3 —

**DECLARATION OF CARRIE GIESY**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

and requirements as to the division of responsibilities during an implementation.  For example, some Munis project managers will draft the implementation schedule or agenda on their own, whereas others will delegate that duty to varying degrees to the implementation consultant.   Similarly, some project managers delegate managing other aspects of the project agenda more significantly than others.  For example, some project managers will ask Implementation Consultants on a project to post documentation to the client "Sharepoint" site, which is a database that summarizes and tracks the progress of a project and to which the client has access.  Some Implementation Consultants may be asked to manage newly identified tasks, issues or needed actions, and to "post" those to the Sharepoint site, that are not part of the original project plan where, in other instances, project managers perform this function.

9.       Another factor that results in varying job responsibilities between implementation consultants relates to the software module in which the implementation consultant has expertise. Because the software applications (noted above) within the Munis platform are so different in many respects, they require different skills, and different job functionalities, in connection with the implementation process.  For example, implementation consultants who primarily work with Munis' financial management software spend a significant amount of time configuring the actual software. On the other hand, they perform less testing and work that involves functional comparisons to the client's legacy system.  On the other hand, implementation consultants who work within the Munis human capital management software are more heavily involved with testing and validation, which requires a greater understanding of the client's legacy software.  Implementation Consultants who work with the human capital management application spend a lot of their time parallel processing between Munis and the legacy system to validate payroll results.  Implementation Consultants who work with the financials application spend the majority of their time training on how to perform various processes and don't perform parallel process validation between Munis and the legacy system.

- 4 –

**DECLARATION OF CARRIE GIESY**

US_ACTIVE-156615656.5

1    The foregoing statement is made under penalty of perjury and is true and correct to the best of

2    my knowledge and belief.

3

4    DATED:  December 4, 2020              By:_____

5                                              Carrie Giesy

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF CARRIE GIESY**

US_ACTIVE-156615656.5

# EXHIBIT  L

# EXHIBIT  L



1  Brian K. Morris (SBN 281409)
   BMorris@reedsmith.com
2  REED SMITH LLP
3  101 Second Street
   Suite 1800
4  San Francisco, CA 94105-3659
   Telephone: 469.680.4200
5  Facsimile: 469.680.4299

6  Paulo B. McKeeby (Admitted *Pro Hac Vice*)
7  PMcKeeby@reedsmith.com
   Michael A. Correll (Admitted *Pro Hac Vice*)
8  MCorrell@reedsmith.com
   REED SMITH LLP
9  2850 N. Harwood St., Suite 1500
   Dallas, TX 75201
10 Telephone: 469.680.4200
11 Facsimile: 469.680.4299

12 ATTORNEYS FOR DEFENDANT

13                    UNITED STATES DISTRICT COURT
14                   NORTHERN DISTRICT OF CALIFORNIA

15 AARON KUDATSKY, Individually and on      )  Case No.:    3:19-CV-07647-WHA
16 behalf of all others similarly situated, )
                                            )  **DECLARATION OF GAIL FRANZEN IN**
17                         Plaintiffs        )  **SUPPORT OF DEFENDANT'S**
                                            )  **OPPOSITION TO PLAINTIFF'S RULE 23**
18 vs.                                       )  **MOTION FOR CLASS CERTIFICATION**
                                            )
19 TYLER TECHNOLOGIES,                       )
                                            )
20                                           )
                         Defendant.          )
21 _____  )

22

23 I, Gail Franzen, declare:

24      1.      I am a Senior Implementation Consultant for Defendant Tyler Technologies ("Tyler")

25 in this matter and have been in an Implementation Consultant role since 2012. I make this declaration

26 based upon my personal knowledge, and could so testify if called to do so.

27

28
                                        - 1 -
                          **DECLARATION OF GAIL FRANZEN**
                                                            US_ACTIVE-180713703.3

2. Since my employment with Tyler, I have been a resident of California and have worked primarily out of my home office in Orange County. Until January of 2020, I worked in Tyler's Western region, which consists of the states west of the Mississippi River. Between January 2017 and January 2020, I traveled to a variety of states in the region to perform implementation consulting services for Tyler's clients. During that time, out of approximately 35 clients I visited, 11 were in California, 8 were in Texas and rest were in a combination of other states. I estimate that I spent approximately a third of my work time in California between January 2017 and January 2020.

3. My typical weekly schedule would be travel to the client location on Monday, performance of implementation consultant services at the client site on Tuesday, Wednesday and Thursday, and return travel to California on Friday.

4. Around 2016, I was elevated to the position of Senior Implementation Consultant, which resulted in me taking on new tasks and responsibilities. These tasks included participating in meetings with other Senior Implementation Consultants to discuss redesigning the analysis phase of the implementation process and creating documentation to be used by other Implementation Consultants. In addition, as a Senior Implementation Consultant, I trained Implementation Consultants in the Western region about the new processes and documentation that I and the other Senior Implementation Consultant team had developed.

5. Since January 2017, my worked as a Senior Implementation Consultant has focused almost exclusively on the analysis phase of the implementation process, and I estimate that approximately 90% of my time has consisted of performing analysis functions. These functions, which fit within the "current state/future state" phase of the implementation process, involve assessing client software needs, asking clients questions about their current processes and systems, making recommendations to clients as to ways to improve those processes within the Munis financial software

- 2 -

**DECLARATION OF GAIL FRANZEN**

1  module, and guiding them as to the most efficient means to achieve particular results within the

2  software.

3      6.    I understand that this declaration is being provided in connection with lawsuits brought

4  against Tyler by current and former employees who claim that they and other current and former

5  employees were not properly paid overtime.  I understand that the plaintiffs are seeking to represent

6  current and former Tyler employees, including me, in a collective action and class action lawsuit.  I

7  understand that I may be invited to join the lawsuit as a plaintiff and I would be eligible to participate

8  as a member of the class if the case is certified. What I say in this declaration is the truth.  I also

9  understand that the lawyer who interviewed me and prepared this declaration for me represents Tyler

10  and does not represent me.  I am providing this statement voluntarily and without any duress, threats,

11  intimidation or coercion.  I understand that I did not have to give this declaration, can provide or refuse

12  to provide a declaration or testimony, and know that giving information in this declaration is not a

13  condition of my employment with Tyler.  I attest to the information in this declaration voluntarily and

14  of my own free will.

15      The foregoing statement is made under penalty of perjury and is true and correct to the best of

16  my knowledge and belief.

17

18  DATED: December 3, 2020          By: _____

19                                        Gail Franzen

20

21

22

23

24

25

26

27

28

- 3 -
**DECLARATION OF GAIL FRANZEN**

US_ACTIVE-150713703.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT M

1  Brian K. Morris (SBN 281409)
   BMorris@reedsmith.com
2  REED SMITH LLP
3  101 Second Street
   Suite 1800
4  San Francisco, CA 94105-3659
   Telephone: 469.680.4200
5  Facsimile:  469.680.4299

6  Paulo B. McKeeby (Admitted *Pro Hac Vice*)
7  PMcKeeby@reedsmith.com
   Michael A. Correll (Admitted *Pro Hac Vice*)
8  MCorrell@reedsmith.com
   REED SMITH LLP
9  2850 N. Harwood St., Suite 1500
   Dallas, TX 75201
10 Telephone: 469.680.4200
11 Facsimile:  469.680.4299

12 ATTORNEYS FOR DEFENDANT

13          UNITED STATES DISTRICT COURT
14          NORTHERN DISTRICT OF CALIFORNIA

15 AARON KUDATSKY, Individually and on        )   Case No.:      3:19-CV-07647-WHA
16 behalf of all others similarly situated,    )
                                                )   **DECLARATION OF AMANDA IRISH IN**
17                            Plaintiffs         )   **SUPPORT OF DEFENDANT'S**
                                                )   **OPPOSITION TO PLAINTIFF'S RULE 23**
18 vs.                                          )   **MOTION FOR CLASS CERTIFICATION**
19 TYLER TECHNOLOGIES,                          )
                                                )
20                            Defendant.         )
21 _____      )

22

23 I, Amanda Irish, declare:

24         1.      I am an Implementation Consultant for Defendant Tyler Technologies ("Tyler") in this

25 matter and have been in that position since June of 2019.  I make this declaration based upon my

26 personal knowledge, and could so testify if called to do so.

27

28
                                            - 1 –
                              **DECLARATION OF AMANDA IRISH**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.      Since I have been employed at Tyler, I have resided and worked out of my home office in Colorado Springs, Colorado.  Prior to March of 2020, I primarily performed my services on the road and traveled to different client locations, mostly in California.  After March of 2020, as a result of the COVID 19 pandemic, I have worked exclusively out of my home in Colorado Springs.  While I was traveling, my typical work week would involve traveling to the client location on Monday, performing consultant work in connection with the implementation of Tyler's Munis Human Capital Management software module on Tuesday, Wednesday and Thursday, and traveling back to my home base in Colorado Springs on Friday.

3.      Although I often worked more than 40 hours a week as an implementation consultant, based on the weekly schedule outlined above, because I would travel on Mondays and work in my home office on Fridays, it would be unusual for me to have worked more than 40 hours in California during any one work week.

4.      Because I was a junior Implemention Consultant, I performed only some of the functions of an implementation consultant during the time in which I was traveling to client locations. For example, prior to March 2020, I had performed only one fundamentals review, which involves providing a high-level overview to the client team of the Munis software and its functionalities, and had never performed a "current state/future state" analysis, which involves assessing the client's legacy software system and advising the client how to best perform software functions with the Munis system.  Rather, from June of 2019 through February 2020, I mainly performed software configuration and parallel testing to validate the accuracy of client data and processes.

5.      I understand that this declaration is being provided in connection with lawsuits brought against Tyler by current and former employees who claim that they and other current and former employees were not properly paid overtime.   I understand that the plaintiffs are seeking to represent current and former Tyler employees, including me, in a collective action and class action lawsuit.  I

- 2 –

**DECLARATION OF AMANDA IRISH**

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

understand that I may be invited to join the lawsuit as a plaintiff and I would be eligible to participate as a member of the class if the case is certified. What I say in this declaration is the truth.  I also understand that the lawyer who interviewed me and prepared this declaration for me represents Tyler and does not represent me.  I am providing this statement voluntarily and without any duress, threats, intimidation or coercion.  I understand that I did not have to give this declaration, can provide or refuse to provide a declaration or testimony, and know that giving information in this declaration is not a condition of my employment with Tyler.  I attest to the information in this declaration voluntarily and of my own free will.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

DATED:  December 5, 2020                By: *Amanda BT Irish*
                                            Amanda Irish

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-156713870.3

# EXHIBIT N

1  Brian K. Morris (SBN 281409)
   BMorris@reedsmith.com
2  REED SMITH LLP
3  101 Second Street
   Suite 1800
4  San Francisco, CA 94105-3659
   Telephone: 469.680.4200
5  Facsimile:  469.680.4299

6  Paulo B. McKeeby (Admitted *Pro Hac Vice*)
7  PMcKeeby@reedsmith.com
   Michael A. Correll (Admitted *Pro Hac Vice*)
8  MCorrell@reedsmith.com
   REED SMITH LLP
9  2850 N. Harwood St., Suite 1500
   Dallas, TX 75201
10 Telephone: 469.680.4200
11 Facsimile:  469.680.4299

12 ATTORNEYS FOR DEFENDANT

13                 UNITED STATES DISTRICT COURT
14              NORTHERN DISTRICT OF CALIFORNIA

15 AARON KUDATSKY, Individually and on       )  Case No.:        3:19-CV-07647-WHA
16 behalf of all others similarly situated,  )
                                             )  **DECLARATION OF MASON SIELING IN**
17                          Plaintiffs        )  **SUPPORT OF DEFENDANT'S**
                                             )  **OPPOSITION TO PLAINTIFF'S RULE 23**
18 vs.                                        )  **MOTION FOR CLASS CERTIFICATION**
                                             )
19 TYLER TECHNOLOGIES,                        )
                                             )
20                          Defendant.        )
21 _____        )

22

23 I, Mason Sieling, declare:

24        1.      I am an Implementation Consultant for Defendant Tyler Technologies ("Tyler") in this

25 matter and have been in that position since June of 2019.  I make this declaration based upon my

26 personal knowledge, and could so testify if called to do so.

27

28
                                  - 1 –
                        **DECLARATION OF MASON SIELING**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2.      I began my employment with Tyler as an Implementation Consultant in June of 2019. I am a resident of Colorado and have lived there since my employment with Tyler.

3.      I worked in Tyler's western region and, prior to the Covid-19 pandemic, I spent the bulk of my time traveling to California providing implementation services to Tyler's California clients. Beginning in August of 2019, after I completed an initial training phase, and until March of 2020, I traveled to California almost every week.

4.      My typical work week would be to fly from Denver, Colorado to California on Monday, work at the client location in California Tuesday, Wednesday, and Thursday, fly back to Colorado on Thursday night, and work in my home office on Friday, completing expense reports and answering client questions.  Although I would typically work between 55 and 60 hours a week during that time, it would be unusual for me to work more than 40 hours in California during any particular work week.

5.      Because I am a fairly junior implementation consultant, I haven not performed all of the job duties associated with the position.  For example, I have not yet performed "current state/future state" analysis, and my work has focused on conducting fundamental reviews and providing process training to client representatives.

6.      I understand that this declaration is being provided in connection with lawsuits brought against Tyler by current and former employees who claim that they and other current and former employees were not properly paid overtime.  I understand that the plaintiffs are seeking to represent current and former Tyler employees, including me, in a collective action and class action lawsuit.  I understand that I may be invited to join the lawsuit as a plaintiff and I would be eligible to participate as a member of the class if the case is certified. What I say in this declaration is the truth.  I also understand that the lawyer who interviewed me and prepared this declaration for me represents Tyler and does not represent me.  I am providing this statement voluntarily and without any duress, threats,

- 2 –

**DECLARATION OF MASON SIELING**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-156714015.3

intimidation or coercion.  I understand that I did not have to give this declaration, can provide or refuse to provide a declaration or testimony, and know that giving information in this declaration is not a condition of my employment with Tyler.  I attest to the information in this declaration voluntarily and of my own free will.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

DATED:  December 7, 2020

By: *Joanna Mason Sieling*

Mason Sieling

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 3 –

**DECLARATION OF MASON SIELING**

# EXHIBIT O

1   Brian K. Morris (SBN 281409)
    BMorris@reedsmith.com
2   REED SMITH LLP
3   101 Second Street
    Suite 1800
4   San Francisco, CA 94105-3659
    Telephone: 469.680.4200
5   Facsimile:  469.680.4299

6   Paulo B. McKeeby (Admitted *Pro Hac Vice*)
7   PMcKeeby@reedsmith.com
    Michael A. Correll (Admitted *Pro Hac Vice*)
8   MCorrell@reedsmith.com
    REED SMITH LLP
9   2850 N. Harwood St., Suite 1500
    Dallas, TX 75201
10  Telephone: 469.680.4200
11  Facsimile:  469.680.4299

12  ATTORNEYS FOR DEFENDANT

13          UNITED STATES DISTRICT COURT
14          NORTHERN DISTRICT OF CALIFORNIA

15  AARON KUDATSKY, Individually and on      )   Case No.:        3:19-CV-07647-WHA
16  behalf of all others similarly situated,  )
                                              )   **DECLARATION OF LYNN KAZLOUSKY**
17              Plaintiffs                     )   **IN SUPPORT OF DEFENDANT'S**
                                              )   **OPPOSITION TO PLAINTIFF'S RULE 23**
18  vs.                                       )   **MOTION FOR CLASS CERTIFICATION**
                                              )
19  TYLER TECHNOLOGIES,                       )
                                              )
20              Defendant.                     )
21  _____  )

22

23  I, Lynn Kazlousky, declare:

24          1.      I am a Senior Implementation Consultant for Defendant Tyler Technologies ("Tyler")

25  in this matter and have been in that position since 2016.  I make this declaration based upon my

26  personal knowledge, and could so testify if called to do so.

27

28                              - 1 –
                        **DECLARATION OF LYNN KAZLOUSKY**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-156714101.3

2.      Since around the beginning of 2019, I have been part of Tyler's "Strategic Accounts Team" in its ERP division.  Clients serviced by that team generally are larger accounts that utilize implementation consultants dedicated solely to that project.  As such, as a dedicated Senior Implementation Consultant, it would be unusual for me to work on more than one project at a time.

3.      I currently am a resident of Saint Augustine, Florida and have lived there since 2016. I have never been a resident of the state of California and have visited California on behalf of Tyler on only one occasion.  That trip occurred in August of 2019 in connection with a presentation for Napa County.  I was part of the team that presented Tyler's Munis software to the county and, specifically, I provided a presentation covering the implementation process.  The presentation lasted approximately one and a half days and, during the trip, I was in California for a total of two days.  That is the only time I traveled to California in connection with my employment with Tyler.

4.      As a Senior Implementation Consultant, I am regularly asked to provide consulting on best business practices related to Tyler's Munis software.  Such responsibilities involve coordinating with client representatives to understand their policies and procedures and to advise them how to best accomplish their software goals on the Munis platform.

5.      I am also responsible for ensuring that the implementation is on schedule and that deadlines can be met.  As such, I regularly assess the progress of the implementation to ensure that project deadlines are achievable, which includes ensuring that training is being performed consistent with project deadlines and that the client representatives are being trained on the software and understand the training provided to them.  If I do not think the client representatives are understanding a particular module, I make a recommendation that they needed more training time with respect to that module.

6.      While I do not always create implementation agendas and schedules as part of my duties as an implementation consultant, I have performed those functions in connection with the Napa

- 2 –

**Declaration of Lynn Kazlousky**

US_ACTIVE-156714101.3



1 County implementation. For that project, I was responsible for drafting the training agenda and
2 schedule in consultation with client representatives.

3    7.    I understand that this declaration is being provided in connection with lawsuits brought
4 against Tyler by current and former employees who claim that they and other current and former
5 employees were not properly paid overtime. I understand that the plaintiffs are seeking to represent
6 current and former Tyler employees, including me, in a collective action and class action lawsuit. I
7 understand that I may be invited to join the lawsuit as a plaintiff and I would be eligible to participate
8 as a member of the class if the case is certified. What I say in this declaration is the truth. I also
9 understand that the lawyer who interviewed me and prepared this declaration for me represents Tyler
10 and does not represent me. I am providing this statement voluntarily and without any duress, threats,
11 intimidation or coercion. I understand that I did not have to give this declaration, can provide or refuse
12 to provide a declaration or testimony, and know that giving information in this declaration is not a
13 condition of my employment with Tyler. I attest to the information in this declaration voluntarily and
14 of my own free will.

15    The foregoing statement is made under penalty of perjury and is true and correct to the best of
16 my knowledge and belief.

DATED: December 5, 2020    By: _____
                                Lynn Kazlousky

- 3 -
**DECLARATION OF LYNN KAZLOUSKY**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-156714101.3

# EXHIBIT P

Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile:  469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile:  469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>Defendant. | Case No.:        3:19-CV-07647-WHA<br><br>**DECLARATION OF DAVID COLE IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S RULE 23 MOTION FOR CLASS CERTIFICATION** |

I, Lynn David Cole, declare:

1.      I am an Implementation Consultant for Defendant Tyler Technologies ("Tyler") in this matter and have been in that position since 2012.  Since approximately 2017, I have been in the role of Senior Implementation Consultant.  I make this declaration based upon my personal knowledge, and could so testify if called to do so.

- 1 –
**DECLARATION OF DAVID COLE**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

2.      Since my employment with Tyler, I have been a resident of the state of Arizona and have been based out of my home office in Arizona.  I have performed implementation consulting services in Tyler's Western region, which consists of all states in the United States west of the Mississippi River.  Based on my review of my trip reports for 2017 through 2019, the following is a breakdown of the states in which I have performed services for clients of Tyler:

- 2017: California (33%), Texas (33%), and Oregon (33%)

- 2018: Texas (70%), California (25%) and other (5%)

- 2019: California (50%), Texas (40%) and other (10%)

3.      Between 2017 and 2020, my schedule generally has consisted travel to the client location on Mondays, work at the client location on Tuesdays, Wednesdays and Thursdays, travel back to Arizona usually on Thursday evening, and office work from my home in Arizona on Fridays.

4.      Although I often worked more than 40 hours a week as an implementation consultant, based on the weekly schedule outlined above, because I would travel on Mondays and work in my home office on Fridays, it would be unusual for me to have worked more than 40 hours in California during any one work week.

5.      I understand that this declaration is being provided in connection with lawsuits brought against Tyler by current and former employees who claim that they and other current and former employees were not properly paid overtime.   I understand that the plaintiffs are seeking to represent current and former Tyler employees, including me, in a collective action and class action lawsuit.  I understand that I may be invited to join the lawsuit as a plaintiff and I would be eligible to participate as a member of the class if the case is certified. What I say in this declaration is the truth.  I also understand that the lawyer who interviewed me and prepared this declaration for me represents Tyler and does not represent me.  I am providing this statement voluntarily and without any duress, threats, intimidation or coercion.  I understand that I did not have to give this declaration, can provide or refuse

- 2 –

US_ACTIVE-156714144.3

to provide a declaration or testimony, and know that giving information in this declaration is not a condition of my employment with Tyler.  I attest to the information in this declaration voluntarily and of my own free will.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

DATED:  December __, 2020          By:_____

David Cole

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 3 –

**DECLARATION OF DAVID COLE**

US_ACTIVE-156714144.3

condition of my employment with Tyler. I attest to the information in this declaration voluntarily and of my own free will.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

DATED: December 5, 2020

By: _____
David Cole

US_ACTIVE-156714144.3

# EXHIBIT Q

Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile: 469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile: 469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>                    Defendant. | Case No.:     3:19-CV-07647-WHA<br><br>**DECLARATION OF KATHY THOMAS** |

I, Kathy Thomas, declare:

     1.     I am currently employed with Tyler Technologies, Inc. ("Tyler") as the Senior Director of its ExecuTime business unit.  Prior to June of 2016, ExecuTime was a separate company. Tyler acquired ExecuTime effective June 1, 2016.  At the time of the acquisition, I held the title of Vice President of Professional Services of ExecuTime and worked in that capacity after the acquisition until

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -

DECLARATION OF KATHY THOMAS

1  my promotion to my current position.  I make this declaration based upon my personal knowledge,

2  and could so testify if called to do so.

3     2.     As the Vice President of Professional Services at ExecuTime, and thereafter after Tyler

4  acquired ExecuTime, I had indirect supervisory authority of employees, such as Suzanne Greene ("Ms.

5  Greene"), who performed training and related functions in connection with the implementation of

6  ExecuTime software.  Those employees reported to an Implementation Manager, and that manager

7  reported to me.  Prior to the acquisition of ExecuTime by Tyler, Ms. Greene and to the other employees

8

9  who performed similar functions had the job title of "Project Manager/Trainer."   Unlike Tyler,

10  ExecuTime prior to its acquisition did not have employees in the title of "Implementation Consultant."

11     3.     In addition to training clients on ExecuTime software and performing other

12  implementation-related job functions, employees at ExecuTime like Ms. Greene who held the title of

13  "Project Manager/Trainer" also had responsibility for project administration tasks.  Those tasks

14

15  primarily involved schedule management and related communications across the Project Managers'

16  various engagements.

17     4.     After Tyler's acquisition of ExecuTime, the role of "Project Manager/Trainer"

18  gradually transitioned into a role that was more aligned with the role performed by Tyler employees

19  in the job title of Implementation Consultant within Tyler's ERP Division, of which ExecuTime is a

20  part.  By November of 2016, the job titles of employees such as Ms. Greene were formally changed

21  from "Project Manager/Trainer" to "Implementation Consultant" to align with Tyler's job titles.

22

23     5.     Although it was a gradual process, around that November 2016 timeframe, ExecuTime

24  employees such as Ms. Greene also transitioned to a role with job duties that were more similar to

25  other Implementation Consultants within the ERP Division.  Similarly, ExecuTime transitioned the

26  management role over Implementation Consultants to a "Project Manager" role more similar to other

27

28

**DECLARATION OF KATHY THOMAS**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-159293079.6

"Project Managers" within the ERP Division, including transitioning the scheduling and related administrative tasks associated with schedule management to the ExecuTime Project Managers.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

DATED: 4/15 , 2021                          By: _____
                                                  Kathy Thomas

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 3 -

**DECLARATION OF KATHY THOMAS**

US_ACTIVE-159293079.6