Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile:  469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St, Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile:  469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>Defendant. | Case No.:   3:19-CV-07647-WHA<br><br>**DEFENDANT TYLER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL DECERTIFICATION**<br><br>**Date:  May 27, 2021**<br>**Time: 8:00 a.m.**<br>**Courtroom: 12 – 19th Floor**<br><br>**Honorable William H. Alsup**<br><br>Action Filed: November 20, 2019 |

- 2 –

TO THE CLERK OF THE COURT AND TO PLAINTIFF AARON KUDATSKY AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 27, 2021, at 8:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 12 of the above-entitled court, Defendant Tyler Technologies, Inc. ("Tyler") will and hereby does move this court for an order decertifying all Senior Implementation Consultants ("Senior ICs") and all individuals who were not within the Enterprise Resource Planning group ("non-ERP ICs").

This motion is brought on the grounds that Plaintiffs cannot establish commonality and predominance for Senior ICs and non-ERP ICs under Federal Rule of Civil Procedure 23, and will inevitably and necessarily devolve into a series of time-consuming mini-trials.  Thus, decertification of all Senior ICs and non-ERP ICs in this matter is necessary.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the declaration of Liz Rensenbrink attached hereto as Exhibit 1, the declaration of Michael A. Correll attached hereto as Exhibit 2, the pleadings filed herein, and such other and further evidence and argument as may be presented and allowed at the hearing of this Motion.

DATED: April 19, 2021               REED SMITH LLP

                                    By:   /s/ Paulo B. McKeeby
                                          Brian K. Morris
                                          Paulo B. McKeeby
                                          Michael A. Correll

                                    *Attorneys for Defendant*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Aaron Kudatsky ("Plaintiff") brings this class action on behalf of himself and Enterprise Resource Planning ("ERP") Implementation Consultants ("ICs") employed by Defendant Tyler Technologies Inc. ("Tyler") during the 3-year period covered by the relevant statute of limitations under the Fair Labor Standards Act. The parties stipulated to conditional certification of the class on May 14, 2020, and shortly after, this Court conditionally certified the class. After the class was conditionally certified approximately one year ago, this Court ordered in the context of Rule 23 that senior ICs should not be included as part of the class due to commonality and predominance concerns.

Included in the class conditionally certified are five employees or former employees who did not work in the ERP Division as ICs during the relevant statutory period and who opted in prior to the Court's conditional certification of the class. In addition, there is one employee who opted in to the class who was in "senior" status during the entirety of the relevant statutory period. In light of these considerations, Tyler respectfully requests that the class be partially decertified to remove the non ERP opt-ins and the senior IC from the class.

**II.     RELEVANT FACTS AND PROCEDURAL HISTORY**

     **a.   Conditional Certification in this Action**

On November 20, 2019, Plaintiff filed this action seeking unpaid overtime based on the alleged misclassification of ICs as overtime exempt. (ECF No. 1, Compl.)  The Parties stipulated to conditional certification under the FLSA on May 13, 2020. (ECF No. 39).  The Court granted the stipulation the same day, and conditionally certified a nationwide group of all current or former ERP implementation consultants who worked for Tyler within the past three years. (ECF No. 40). Notice periods have now closed, and the case currently consists of 59 opt-in Plaintiffs and one Named Plaintiff. (Pl.'s Notice of Motion and Motion for Class Certification, p. 3, line 11-12.) Included in this conditional certification was Travis Void, a senior IC during the entire statutory period, and the following five individuals who were not ERP ICs at any time during the relevant period:

- 3 –
**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL
DECERTIFICATION – 3:19-cv-07646-WHA**

US_ACTIVE-159599978.2

- Sandra Edinger;
- Valentin Sanchez;
- Dawn Lockett;
- Pamela Sinclair;
- Jay Wright

(Rensenbrink Dec. ¶¶ 3-4).

On February 25, 2021, this Court **granted Plaintiffs' Motion for Class Certification in part and held in abeyance in part**. (Order re Motion to Certify Class) ("Order"). In its Order, Court denied Plaintiffs' request to certify Senior ICs and stated that "certification applies solely to this issue: **whether Tyler properly classified ERP ICs** as administratively exempt from overtime and other California labor laws." (Order, 3:8-11, 14:13-16). The Court specifically noted that Plaintiffs, for purposes of certifying Senior ICs, cannot meet the predominance and commonality requirements because:

- Senior ICs performed additional duties included mentoring new ICs; and
- Senior ICs autonomously developed and distributed training materials for other ICs and clients to use. (*Id.*, 11:19-26)

Further, the Court noted that "[s]ignificant portions of Senior ICs' primary duties required greater autonomy, leadership, and discretion. Senior ICs may not be certified in the same class as ICs." (*Id.*, 9:25-27)

On April 9, 2021, the Court denied Plaintiff's Motion for Leave to File an Amended Complaint. Specifically, Plaintiff attempted to add two named Plaintiffs who were not ERP ICs. In denying this request, the Court held that "granting plaintiff's motion would prejudice the defendant and add a Gordian knot of evidentiary complications at trial." (Order Denying Leave to Amend, 1:19-21).

## III.  ARGUMENT

### a. Legal Standard for Decertification Motions

Collective actions under 29 U.S.C. 216(b), often referred to as a "collective action," works somewhat differently than a Rule 23 class action: an employee who wishes to join an FLSA collective action must affirmatively opt-in by filing a written consent to join in the court where the action was brought.

- 4 –

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL DECERTIFICATION – 3:19-cv-07646-WHA**

US_ACTIVE-159599978.2

A majority of courts, including district courts in the Ninth Circuit, have adopted a two-stage certification procedure. *See, e.g., Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004); *Wynn v. National Broadcasting Co.*, 234 F. Supp. 2d 1067, 1082-84 (C.D. Cal. 2002); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1106 (10th Cir. 2001). At the first stage, the district court approves conditional certification upon a minimal showing that the members of the proposed class are "similarly situated"; at the second stage, usually initiated by a motion to decertify, the court engages in a more searching review. *Leuthold*, 224 F.R.D. at 467.

The FLSA does not define "similarly situated," and the Ninth Circuit has not spoken to the issue. *Reed v. County of Orange*, 266 F.R.D. 446, 449 (C.D. Cal. 2010) ("The FLSA does not define the term 'similarly situated,' and there is no Ninth Circuit precedent interpreting the term.") (citations omitted). The Supreme Court, in *Hoffmann-La Roche Inc. v. Sperling*, also left the term undefined, but indicated that a proper collective action encourages judicial efficiency by addressing, in a single proceeding, claims of multiple plaintiffs who share "common issues of law and fact arising from the same alleged [prohibited] activity." 493 U.S. 165, 170 (1989). This has been distilled by courts into a lenient standard for step one — the conditional certification stage — requiring "nothing more than substantial allegations that putative class members were together victims of a single decision, policy, or plan." *Thiessen* 267 F.3d at 1102 (internal quotations omitted); *see also, e.g., Gerlach v. Wells Fargo & Co.*, 2006 U.S. Dist. LEXIS 24823, at *2 (N.D. Cal. Mar, 28, 2006).

The Court has already made clear that the work performed by Senior ICs is noticeably different from implementation consultants. As such opt-in plaintiff Travis Void, who was a senior IC during the entirety of the relevant statutory period, is not properly part of the FLSA collective. Similarly, the remaining individuals named in this Motion were not ERP ICs during the relevant statutory period are not part of the agreed class that the Court conditionally certified. As such, those individuals—Sandra Edinger, Valentin Sanchez, Dawn Lockett, Pamela Sinclair, and Jay Wright—also are not properly part of the FLSA collective.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court decertify Travis Void and the five non-ERP ICs from the class.

DATED: April 19, 2021                                     REED SMITH LLP

By:  /s/ Paulo B. McKeeby
Brian K. Morris
Paulo B. McKeeby
Michael A. Correll
*Attorneys for Defendant,* TYLER TECHNOLOGIES, INC.

# EXHIBIT 1

Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile:  469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile:  469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>        Defendant. | Case No.:   3:19-CV-07647-WHA<br><br>**DECLARATION OF LIZ RENSENBRINK IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT** |

- 1 –
**DECLARATION OF LIZ RENSENBRINK ISO MSJ AND/OR PARTIAL SUMMARY JUDGMENT**

US_ACTIVE-159610674.2

I, Liz Rensenbrink, declare:

1. I am currently employed with Tyler Technologies, Inc. ("Tyler") as Human Resources Director and have human resources responsibilities for Tyler's Enterprise Resource Planning ("ERP") Division. I have knowledge of the matters stated in this Declaration and I make this Declaration based on my personal knowledge and/or my review of Tyler's records kept in the ordinary course of business and could so testify if called to do so.

2. Based on my review of Tyler personnel records, I can confirm that the following individual worked for Tyler in the status of senior implementation consultant during the period from November 20, 2016 through November 20, 2019:

- Travis Void

3. Based on my review of Tyler personnel records, I can confirm that the following individuals did not work in Tyler's ERP Division during the period between November 20, 2016 and November 20, 2019:

- Sandra Edinger
- Valentin Sanchez
- Dawn Lockett

4. Based on my review of Tyler personnel records, between November 20, 2016 and November 20, 2019, the following individuals either, 1.) worked in Tyler divisions other than ERP or, 2.) when they were working in the ERP Division between those dates, they worked in jobs other than Implementation Consultant:

- Pamela Sinclair
- Jay Wright

//
//
//
//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on April 19, 2021, in Portland, Maine.

By: _____
Liz Rensenbrink

# EXHIBIT 2

Brian K. Morris (SBN 281409)
BMorris@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: 469.680.4200
Facsimile: 469.680.4299

Paulo B. McKeeby (Admitted *Pro Hac Vice*)
PMcKeeby@reedsmith.com
Michael A. Correll (Admitted *Pro Hac Vice*)
MCorrell@reedsmith.com
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Facsimile: 469.680.4299

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>TYLER TECHNOLOGIES,<br><br>Defendant. | Case No.:   3:19-CV-07647-WHA<br><br>**DECLARATION OF MICHAEL A. CORRELL IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DECERTIFICATION** |

- 1 -
**DECLARATION OF MICHAEL A. CORRELL ISO MOTION FOR PARTIAL DECERTIFICATION**

– 2 –

I, Michael A. Correll, declare:

1. I am an attorney with the law firm of Reed Smith LLP, counsel of record for Defendant Tyler Technologies. I make this declaration based upon my personal knowledge, and could so testify if called to do so. I submit this declaration in support of Defendant's Motion For Partial Decertification.

2. On August 4, 2020, Travis E. Void opted in to this action. ECF No. 63. On February 17, 2020, Sandra Edinger opted in to this action. ECF No. 27. On March 17, 2020, Valentin Sanchez opted in to this action. ECF No. 29. On March 27, 2020, Dawn Lockett opted in to this action. ECF No. 30. On November 2, 2019, Pamela Sinclair opted in to this action. ECF No. 1-2 at 4. On November 20, 2019, Jay Wright opted in to this action. ECF No. 1-2 at 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on April 19, 2021 in Dallas, Texas.

By: _____
Michael A. Correll