# EXHIBIT D

UNITED STATES DISTRICT COURT –NORTHERN DISTRICT OF CALIFORNIA

# Notice of Settlement of California Class Action

If you worked for Tyler Technologies, Inc. as an implementation consultant in the ERP division since November 20, 2015, a Proposed Class and Collective Action Settlement may affect your rights.

**A UNITED STATES FEDERAL COURT HAS AUTHORIZED THIS NOTICE.**

<u>**YOU ARE NOT BEING SUED.**</u>

You are receiving this notice because you have been identified as someone eligible to receive money from a proposed settlement of a class and collective action lawsuit. You are an FLSA Opt-in Plaintiff and California Rule 23 Class Member in the lawsuit entitled *Kudatsky v. Tyler*, (the "Lawsuit") which asserts claims that Tyler Technologies, Inc. ("Tyler") violated state and federal wage and hour laws by, among other things, allegedly failing to pay for all overtime hours worked by Settlement Class Members during the Class Period.

This proposed settlement has received preliminary approval from the Court and will resolve all claims in the Lawsuit. You filed a consent form to assert your claims under the Fair Labor Standards Act ("FLSA"); additionally, Tyler's records indicate that you are a member of the California Rule 23 Class (i.e., a "Class Member").

Although Tyler disputes the claims asserted in the Lawsuit, both Plaintiff and Tyler recognize the costs and risks of litigation, and believe that the proposed settlement is a fair and reasonable resolution. The Lawsuit has been pending for over a year and a half, and Counsel for Plaintiff believes that based on the uncertainties and costs associated with litigation, the proposed settlement is in the best interests of all of the class members. The settlement provides that Tyler will pay a total of $3,150,000.00 to settle this case (the "Total Settlement Amount"). This notice provides information on how to participate in the settlement and your options.

The Court has preliminarily approved the settlement. If you return your Release of Claims form, you will receive your share of the Total Settlement Amount through a settlement payment in the pre-tax amount of [$XXXXX.XX]. This amount is based on information from Defendant's records showing that you worked as an implementation consultant for Defendant from MONTH YEAR to MONTH YEAR. You may lodge a dispute if you disagree with this information by providing supporting documentation showing that Defendant's records are incorrect. Any such dispute, including any supporting documentation, must be emailed or mailed to Class Counsel by the Response Deadline.

As detailed below, you will receive your settlement payment only after the Court grants final approval of the settlement, <u>and if you return the attached Release Form</u>.

**YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT. THIS CHART SUMMARIZES YOUR RIGHTS AND OPTIONS. PLEASE REVIEW THE CHART AND THE FOLLOWING PAGES CAREFULLY**.

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| *Timely Sign and Submit the Attached Release Form* | • You will receive a settlement check for your federal FLSA and California state law claims in the pre-tax amount of $[**FULL ALLOCATION**].<br>• You will release your federal and state law claims against Tyler and will be bound by the terms of the settlement as to those claims. You will give up your right to sue Tyler. | *The signed Release of Claim Form must be sent to Class Counsel no later than [DATE].* |
| *If you do nothing…* | • You will receive a settlement check in the pre-tax amount of [$**STATE ONLY SETTLEMENT AMOUNT**].<br>• You will release your California state law claims against Tyler and will be bound by the terms of settlement as to those claims. You will give up your right to sue Tyler for those claims.<br>• You will not receive the amount allocated to your federal FLSA claims and you will not release your federal FLSA claims. | *You do not need to do anything to receive this lower settlement amount. Please promptly notify Class Counsel if you move.* |
| *Exclude yourself by making a written exclusion request.* | • You can elect to opt-out of the Class and retain your right to sue Tyler.<br>• To exclude yourself, you must submit a signed exclusion request. If you exclude yourself, you will not receive a settlement check. | *The Exclusion Request must be sent to Class Counsel via email or postmarked no later than [DATE].* |
| *File an Objection* | • If you do not exclude yourself, you remain a Class Member and you can still write to the Court explaining why you disagree with the settlement.<br>• To object to the settlement, you must submit a written notice identifying your objection. | *The Objection must be submitted to the Court no later than [DATE].* |
| *Appear at the Hearing* | • If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the settlement. | *The hearing is scheduled for [DATE]. This date may change without further notice* |

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.tylertechovertimesettlement.com, by contacting class counsel listed in response to question

12 below, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

| 1. | WHY DID I GET THIS NOTICE? |

The Court directed this Notice be sent to you opted-in to assert your FLSA claims, and because Tyler's records show that you were employed by Tyler as an ERP implementation consultant who performed work in California since November 20, 2015.

| 2. | WHAT IS A CLASS ACTION AND WHAT IS A COLLECTIVE ACTION? |

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. All these people together are a "Class" or "Class Members." The Court can determine whether it will allow a lawsuit to proceed as a class action. In a class action, the Court resolves the common issues for everyone in the class except for those people who choose to exclude themselves from the class. Class Actions are brought under state law.

In a collective action lawsuit, one or more people called "Named Plaintiffs" or "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims. In order to join a collective action, a person must file a plaintiff consent form with the court. All the people who file consent forms are together considered to be part of the "Collective." The court can determine whether it will allow a lawsuit to proceed as a collective action. In a collective action, one court resolves common issues for everyone in the collective. Collective actions are brought under the federal FLSA, as in this case.

| 3. | WHAT IS THIS CASE ABOUT? |

The Lawsuit generally involves claims under federal and state wage and hour laws. The Named Plaintiff is a former implementation consultant. The Named Plaintiff alleges that Tyler misclassified him and other implementation consultants as exempt from overtime, and therefore failed to pay for all overtime hours worked. Through the Lawsuit, Plaintiff sought to recover unpaid overtime wages and other related relief. Tyler disputes the claims brought in the Lawsuit. Plaintiff believes that the settlement is fair, adequate, and reasonable, and that it is in the best interest of the Settlement Class.

| 4. | WHO IS INCLUDED? |

On _____, the Honorable Judge William Alsup of the United States District Court for the Northern District of California certified the following class:

> All ERP implementation consultants, other than senior implementation consultants, who worked for Tyler in California within the four years prior to the filing of this case.

3

The certified class does not include time worked in divisions outside of ERP or in positions other than implementation consultant (specifically, senior implementation consultants are not included in the certified class). The settlement also includes individuals who opted into the Lawsuit as an FLSA Opt-in Plaintiff. For FLSA Opt-in Plaintiffs, time worked as a senior implementation consultant or outside of the ERP division is included at a reduced value. You are receiving this notice of settlement because you are an FLSA Opt-in Plaintiff **and** a California Rule 23 Class member.

| 5. | **WHAT ARE THE SETTLEMENT BENEFITS?** |
|---|---|

Under the terms of the Settlement, Tyler agrees to pay a "Total Settlement Amount" of $3,150,000.00. Deducted from the Total Settlement Amount will be sums, subject to approval by the Court, for attorneys' fees of up to 25% of the Total Settlement Amount ($787,500.00), and up to $20,000.00 in litigation costs to Class Counsel. The settlement also provides for a service award of up to $5,000.00 to the Named Plaintiff, and $500.00 to plaintiffs who were deposed. These enhancements are also subject to Court approval; any of these amounts that are not approved will be re-allocated to the Settling Class Members and Settling Plaintiffs. The amount remaining after these items are deducted from the Total Settlement Amount is the net settlement or "Distribution Amount."

Each Class Member who does not opt out of the Settlement shall ultimately be entitled to a pro rata portion of the Distribution Amount, which will be based on the individual Class Member's work history as an ERP implementation consultant within the applicable statute of limitations and a uniform assumption of daily overtime worked. Opt-in Plaintiffs who accept their settlement by returning a Release of Claims form will be entitled to a pro rata portion of the Distribution Amount. Based on your work records, your total settlement share is **[XXX].** If you do not release the Release of Claims form, your share will be **[$YYY]**. It is therefore important that you return your Release of Claims form by [DATE] if you wish to receive your full settlement amount**.**

For the portion of the settlement attributable to federal FLSA claims, one half of the settlement payment will be reported as W-2 wage earnings, with payroll taxes withheld. The other half of the settlement payment will be reported as 1099 earnings. For the portion of the settlement attributable to California state law claims, two-thirds of the settlement payment will be reported as W-2 wage earnings, with payroll taxes withheld. The other third of the settlement payment will be reported as 1099 earnings. Each Class Member will be responsible for the payment of personal taxes owing on the settlement payments. Because the settlement includes non-wage earnings, please complete the enclosed IRS Form W-9 and provide your most up-to-date information.

| 6. | **WHAT HAPPENS IF I DO NOTHING?** |
|---|---|

If you do nothing, you will be eligible to participate in the class action portion of the settlement and receive your lower settlement amount. If you do nothing, you will release Tyler from/for any and all claims and causes of action for unpaid overtime compensation, record keeping or wage statement violations, failure to timely pay wages, and waiting time penalties, and civil and statutory

penalties attributable to these underlying claims (excluding penalties available under the Private Attorneys General Act) and interest under California law arising out of the released claims, while you were employed by Defendant as an ERP implementation consultant, other than a senior implementation consultant, up to April 19, 2021. This release is limited to your wage and hour claims currently asserted in the Action, and is not a general release. Specifically, if you do nothing, you will not release your claims under the federal FLSA.

| **7.** | **WHAT HAPPENS IF I RETURN MY RELEASE OF CLAIMS FORM?** |

If you return your release of claims form and do not opt out, you will receive your full settlement allocation. You will also knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Tyler from/for any and all claims and causes of action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act while you were employed by Defendant as an implementation consultant, up to April 19, 2021, in addition to the state law release included in response to Question 6, above. You should also return the attached IRS Form W-9 to assist in the processing of your settlement share.

| **8.** | **WHEN AND HOW WILL THE SETTLEMENT BE PAID?** |

If the Court grants Final Approval to the settlement, Tyler must deliver settlement checks to Class Counsel within 30 days of the Court granting final approval of the settlement, and checks will be mailed within 7 days of receipt.

| **9.** | **WHY WOULD I WANT TO BE EXCLUDED FROM THE CLASS?** |

You do not have to take part in the settlement. You can reject your settlement amount and exclude yourself from the settlement and from receiving a settlement check by timely requesting exclusion, as detailed in Question 10. If you exclude yourself from the settlement, then you will not get the benefits of the settlement.

| **10.** | **HOW DO I EXCLUDE MYSELF FROM THE CLASS?** |

If you do not wish to participate in this Lawsuit or receive a payment from the Settlement, you may be reject your settlement amount and be excluded (i.e., "opt out") by sending a timely letter in writing that contains your name, address, telephone number as well as your signature ("Request for Exclusion") to Class Counsel. The Request for Exclusion must be signed, dated and mailed or emailed, postmarked no later than **[DATE-30 days after mailing]**. You should submit your exclusion request to:

Nichols Kaster, PLLP
Attn: Daniel S. Brome
4700 IDS Center
80 South 8th St.
Minneapolis, MN 55402
forms@nka.com

Requests for Exclusion that do not include all required information and/or that are not timely submitted may be deemed null, void, and ineffective. Whether you desire to participate in the Lawsuit or not, as a California Rule 23 Class Member, if you do not submit a valid and timely Request for Exclusion on or before the above-specified deadline, you will be bound by all terms of the Settlement with respect to the California state law claims, including the release at Question 6, above, and the terms of any Final Judgment entered in the Lawsuit regarding California claims if the Court approves the Settlement. You will receive a settlement payment, but only for the **lower amount** listed above. Since you are also an FLSA Opt-in Plaintiff, you need to return the attached Release of Claims form to receive your full settlement amount.

**UNLESS YOU PROPERLY SUBMIT A REQUEST FOR EXCLUSION**, **YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE WITH RESPECT TO THE CALIFORNIA CLAIMS, AND YOU WILL NOT BE PERMITTED TO PURSUE ANY FUTURE LITIGATION REGARDING MATTERS RESOLVED IN THIS SETTLEMENT. SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

### 11. HOW DO I OBJECT TO THE SETTLEMENT?

If you do not like the settlement, but do not want to be excluded from it, you may file an objection to it. This means you can tell the Court that you disagree with the settlement or some of its terms. The Court will consider your views but may approve the settlement anyway. Any objection must be received by [Date – 45 days from mailing].

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the Lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Kudatsky v. Tyler Technologies, Inc.*, Case Number 3:19-cv-07647-WHA), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco division, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [Date – 45 days from mailing].

You may also appear at the Court's Fairness Hearing to make an objection. A Class Member who fails to submit a written objection by the specified deadline and who does not appear at the Court's Fairness Hearing will be deemed to have waived any objections and will be foreclosed from making any objections to the Settlement (whether by appeal or otherwise).

| 12. | DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE? |

Yes. The Court appointed the law firm of Nichols Kaster to serve as Class Counsel.

Matthew C. Helland  
Daniel S. Brome  
NICHOLS KASTER, LLP  
235 Montgomery St., Suite 810  
San Francisco, CA 94104  
Telephone: (415) 277-7235  

Rachhana T. Srey, MN Bar No. 340133*  
NICHOLS KASTER, PLLP  
80 S. 8th Street, Suite 4700  
Minneapolis, MN 55402  
Telephone: (612) 256-3200  

More information about Class Counsel and their experience is available at www.nka.com.

You may hire your own attorney, if you wish, however, you will be responsible for any fees and expenses that attorney charges you.

| 13. | HOW WILL THE LAWYERS BE PAID? |

Subject to Court approval, the Total Settlement Amount includes (1) attorneys' fees of up to 25% of the Total Settlement Amount, or $787,500.00; and (2) up to $20,000 in litigation costs payable to Class Counsel. The Court may award less than these amounts from the Total Settlement Amount.

| 14. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? |

The Court will hold a Fairness Hearing to consider whether to grant Final Approval to the settlement on **insert date/time/location**. The hearing may be moved to a different date and/or time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to grant final approval. If there are objections, the Court will consider them. The Court will also decide how much from the Total Settlement Amount to award to Class Counsel in attorneys' fees and costs. We do not know how long these decisions will take. A Class Member may appear at the Final Approval Hearing and orally present his or her objection to the Court.

| 15. | DO I HAVE TO ATTEND THE HEARING? |

No. Class Counsel will answer questions the Court may have, but you may appear at your own expense. If you send a written objection, the Court will consider it. You may also pay your own lawyer to attend the hearing if you desire.

| 16. | IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT? |

Yes.  As long as you do not exclude yourself, you have the right to appear through counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your written objection was timely submitted.  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

| 17. | WHERE DO I OBTAIN MORE INFORMATION? |

If you want additional information, you may contact Class Counsel at the address and telephone number listed above. You can also view documents related to the case and the settlement at: www.tylertechovertimesettlement.com.

The specific terms of the settlement have also been filed with the Court.  You can look at and copy these documents at any time if you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: https://ecf.cand.uscourts.gov.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON KUDATSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.<br><br>Defendant. | Case No.: 3:19-CV-07647-WHA |

**RELEASE OF CLAIMS FOR [FIRST, LAST]**

I received the Notice of Settlement which informed me that I will receive a payment totaling $[**AMOUNT**] if I return this Release of Claims form so that it is received by the Class Counsel by **[DATE]**.

By signing and returning this Release of Claims form, I agree that in exchange for my settlement payment, I knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Tyler from/for any and all claims and causes of action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act while I was employed by Defendant as an implementation consultant, up to April 19, 2021.

DATE: _____                    _____
                                        [FIRST LAST]

**Return to:**
Nichols Kaster, PLLP
Attn: Daniel S. Brome
4700 IDS Center
80 South 8th St.
Minneapolis, MN 55402
forms@nka.com
**Must be emailed or postmarked by [DATE]**.