# EXHIBIT A

Matthew C. Helland, CA Bar No. 250451
helland@nka.com
Daniel S. Brome, CA Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN Bar No. 340133*
NICHOLS KASTER, PLLP
80 S. 8th Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
THE LAW OFFICES OF PETER T. NICHOLL
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming
Attorneys for PLAINTIFF and those similarly situated

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KUDATSKY, individually and on behalf of all others similarly situated, | **Case No.  3:19-CV-07647-WHA** |
| Plaintiff, | **SETTLEMENT AGREEMENT** |
| vs. | |
| TYLER TECHNOLOGIES, INC. | |
| Defendant. | |

1

## SETTLEMENT AGREEMENT

This Settlement Agreement is voluntarily made and entered into by and between Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant"), and Named Plaintiff Aaron Kudatsky ("Named Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel of record, subject to the approval of the Court, as provided below.  This Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the claims at issue in the case of *Kudatsky v. Tyler Technologies, Inc.*, as set forth as follows:

1.    **Recitals.**

On November 20, 2019, the Named Plaintiff filed a putative opt-in collective action and Rule 23 class action complaint on behalf of himself and others similarly situated, styled *Kudatsky v. Tyler Technologies*, No. 3:19-cv-07647-WHA (N.D. Cal) (the "Action"), alleging that Defendant improperly classified its implementation consultants as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and under California law. Named Plaintiff claims that Tyler failed to properly compensate him and other implementation consultants for all hours worked, and asserts claims for unpaid wages and ancillary penalties and damages under the FLSA and California law.  Defendant filed its Answer on December 27, 2019, denying the allegations in the Complaint and raising affirmative defenses. (ECF No. 17.) The parties stipulated to a collective under § 216 of the FLSA of all implementation consultants within Tyler's ERP Division employed during the applicable statutory period.  The Court granted the parties' stipulation to conditionally certify the case as a collective under the FLSA on May 13, 2020. (ECF No. 40.) On February 25, 2021, the Court granted Plaintiff's motion for Rule 23 class certification on the limited issue of whether the class of ERP implementation consultants who worked for Tyler in California were properly classified. (ECF No. 98.)

On March 23, 2021 and April 19, 2021, the parties participated in settlement conferences with Magistrate Judge Ryu. After the second settlement conference, the parties accepted a mediator's proposal, agreeing in principle to the main terms of a settlement that would fully resolve this matter, subject to the Court's approval. The parties then negotiated the remaining

terms of the settlement which are now memorialized in this Agreement.

2.   **Definitions**.

For purposes of this Settlement Agreement, the following definitions shall apply, in addition to the definitions set forth in other sections of this Settlement Agreement:

A. "Settlement Class" includes all individuals who are included in the scope of this agreement. The Settlement Class consists of the "FLSA Opt-in Plaintiffs" as well as the "Rule 23 California Class."

    a. The "FLSA Opt-in Plaintiffs" means the Named Plaintiff and "opt-in" Plaintiffs who have filed and not withdrawn their consent forms in the Action. The FLSA Opt-in Plaintiffs will have 30 days to respond in writing to their settlement notice.

        i. "Rejecters" means any FLSA Opt-in Plaintiff who responds in writing to decline participation in the settlement.

        ii. "Non-Responders" means any FLSA Opt-in Plaintiff who does not respond within 30 days to decline participation in the settlement or timely return their FLSA release form.

        iii. "Settling Plaintiffs" means any FLSA Opt-in Plaintiff who executes their FLSA release form to accept the settlement.

    b. The "California Rule 23 Class" means the Rule 23 Class as defined in the Court's class certification order (ECF No. 98), excluding any individuals who have opted out in writing of the case in response to the class notice. As described below, the California Rule 23 Class does not include senior implementation consultants. The California Rule 23 Class will have 45 days to respond in writing to the Notice of Settlement, as defined below.

        i. "Excluded Class Members" means any of the California Rule 23 Class Members who opt-out of the settlement.

        ii. "Settling Class Members" means all members of the California Rule 23 Class who do not opt-out of the settlement.

3

c.  "Hybrid Plaintiffs" means any individual who is both an FLSA Opt-in Plaintiff and a member of the California Rule 23 Class.

**3.      The Settlement.**

Defendant agrees to pay $3,150,000.00 (the "Settlement Amount") to resolve the Action. The Settlement Amount includes all amounts to be paid by Defendant for payments to the Settlement Class, including enhancement awards, class counsel's attorneys' fees and costs, and settlement administration costs. The initial allocation will also include a $20,000.00 contingency fund that will be used, to the extent necessary, to resolve any challenge by any member of the Settlement Class to his or her settlement payment.  Any funds remaining in the contingency fund will be reallocated to the Settlement Class on a pro rata basis at the time of final approval.  The calculations necessary to reallocate any remaining portion of the contingency fund will be done by Class Counsel and included in the final Individual Settlement Allocations provided to counsel for Defendant.  All applicable federal, state, and local taxes, and other withholdings on amounts attributable to claims for unpaid wages shall be deducted from each Individual Settlement Allocation, as defined below.  Defendant's share of payroll taxes on amounts allocated to settle claims of unpaid wages under this Agreement shall be paid separately, and not from, the Settlement Amount.

Class Counsel has computed a reasonable allocation of the Settlement Amount among the Settlement Class (the "Individual Settlement Allocation") based on Class Counsel's damages calculation.  Those calculations are based on the Settlement Class' members individual payroll records, dates of employment in relevant positions, estimated hours worked during the relevant time periods, and Tyler's travel records.

For California Rule 23 Class Members, time worked as an ERP implementation consultant is included; any time worked as a senior implementation consultant, outside the ERP division, or in another position is excluded from the payment to such Settling Class Member. For FLSA Opt-in Plaintiffs, time worked as an ERP implementation consultant is fully included; any time worked as a senior implementation consultant or as an implementation consultant outside the ERP division is included but subject to an additional discount; any time worked in a

4

position other than implementation consultant is excluded.

Exhibit A sets forth the Individual Settlement Allocation for each individual in the Settlement Class, to be paid from the Settlement Amount.  The estimate of each person's Individual Settlement Allocation assumes that the Court approves all the anticipated fees, costs, administration costs, and enhancements that Class Counsel intends to request, and sets aside a contingency fund. Each Settlement Class Member's Individual Settlement Allocation may vary from the estimate set forth in Exhibit A.

Payments to the Settlement Class pursuant to this Settlement Agreement are not intended by the parties to be compensation for purposes of determining eligibility for or benefit calculations of any health and welfare benefit plan, retirement benefit plan, vacation benefit plan, unemployment compensation, including, without limitation, all plans, subject to Employee Retirement Income Security Act ("ERISA").  The parties agree that the payments are not intended to represent any modification of any employee's previously-credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy.

Subject to Court approval, Named Plaintiff and Class Counsel may request the Court approve a $5,000 Named Plaintiff enhancement award to be paid out of the Settlement Amount. Also subject to Court approval, Class Counsel may request that the Court approve an enhancement award of $500 to each Plaintiff who was deposed in this matter, excluding the Named Plaintiff.   The approval of enhancement awards in the amounts sought is not a material term of this Agreement, is solely the product of Named Plaintiff's and Class Counsel's request, and the award of any of these items at less than the requested amount does not give rise to a basis to abrogate this Agreement.  Any requested amounts that are not approved by the Court will be apportioned to the Individual Settlement Allocations on a pro rata basis.

The Net Settlement Amount is the Settlement Amount minus any Court approved enhancement awards, Court-approved attorneys' fees and costs, and Court-approved settlement administration costs (if any).  A contingency fund will be set aside during the initial allocation, but will ultimately be distributed to the Settling Plaintiffs and Settling Class Members. The Net

Settlement Amount is the amount available for distribution to the Settlement Class.

**4.** **Class Certification Under Fed. R. Civ. P. 23.**

Pursuant to Federal Rule of Civil Procedure 23, the Court previously certified a class of all ERP implementation consultants, other than senior implementation consultants, who worked for Tyler in California within the four years prior to the filing of this case, on the issue of whether those implementation consultants were misclassified.

For the purposes of settlement only, the parties agree to certification of that same class on the claims at issue in this case (for unfair competition, unpaid overtime, and wage statement and waiting time penalties).

**5.** **Notice of Settlement; Options to Respond.**

Class Counsel will be responsible for calculating each Individual Settlement Allocation based on Class Counsel's damages calculations. *See* Exhibit A. Class Counsel will be responsible for distributing the Notice of Settlement ("Notice of Settlement) to the Settlement Class Members within 7 days of the entry of Preliminary Approval by the Court.

    a. <u>FLSA Opt-in Plaintiffs</u> will have thirty (30) days from the date of mailing of the Notice of Settlement to respond in writing by returning a Release of Claim form or submitting a written rejection. Any Rejecters or Non-Responders will have their claims dismissed without prejudice.  Rejecters, but not Non-Responders, shall have thirty (30) days from the date of the final approval to file a subsequent action in order to preserve consent-based tolling, and shall not receive any payment under the Settlement Agreement.  The Individual Settlement Allocation for each Rejecter shall be paid to the *cy pres* beneficiary identified in Paragraph 10, subject to approval by the Court. Tyler will not pay the Individual Settlement Allocation for each Non-Responder, or the pro rata share of attorneys' fees associated with any Non-Responder.  Rather, such amounts will be deducted from the Settlement Amount.  The attorneys' fees associated with a Non-Responder will be determined by a pro rata percentage of the total settlement paid to the Settlement Class based on the Individual

Settlement Allocations in Exhibit A.

b.  <u>California Rule 23 Class Members</u> will have 45 days from the date of mailing of the Notice of Settlement to submit a written objection. More specifically, the Notice of Settlement will provide that California Rule 23 Class Members who wish to object to the settlement must submit to Class Counsel, not later than 45 calendar days after the date Class Counsel initially mails the Notice of Settlement to the California Rule 23 Class Members ("Objection Deadline"), his or her objections to the settlement, the reasons therefore, and any supporting papers objecting to the settlement, unless a longer time is required by the Court.   Class Counsel shall provide all objections to counsel for Defendant not later than two business day after receipt of said objections.

c.  <u>Hybrid Plaintiffs</u> will have the same rights as other FLSA Opt-in Plaintiffs as to the FLSA portion of their Individual Settlement Allocation, and the same rights as other California Rule 23 Class Members as to the portion of their Individual Settlement Allocation attributable to the California state law claims, except that written declination submitted by a Hybrid Plaintiff will serve as a declination of that individual's FLSA and California settlements. Hybrid Plaintiffs will receive their full Individual Settlement Allocation only if they timely execute a Release of Claims form.  If a Hybrid Plaintiff is a Non-Responder, then he/she shall not receive the portion of his/her Individual Settlement Allocation attributed to the release of FLSA claims, but will still be entitled to receive the portion of his/her Individual Settlement Allocation attributable to the California state law claims.

In addition to the mailing of the Notice of Settlement, Class Counsel shall make all reasonable efforts to communicate each FLSA Opt-in Plaintiff's Individual Settlement Allocation and to gather signed Release of Claims Forms from each FLSA Opt-in Plaintiff and Named Plaintiff. Class Counsel will endorse the parties' agreement as a resolution of the dispute that is in the benefit of each FLSA Opt-in Plaintiff and will recommend that each FLSA Opt-in

7

Plaintiff accept the parties' agreement.  In the event any Notice of Settlement is returned undeliverable, Class Counsel shall perform a skip trace and take any other reasonable steps, including calling and emailing the FLSA Opt-in Plaintiff, to ensure the Notice of Settlement is received by the FLSA Opt-in Plaintiff and that each FLSA Opt-in Plaintiff understands the terms of the parties' agreement.

**6.      Effect of Rejection.**

Rejecters and Excluded Class Members, if any, shall be dismissed without prejudice and will not be bound by this Settlement Agreement.  Any Rejecter shall have thirty (30) days from the date of final approval within which to file a subsequent claim should he or she choose to do so, in order to receive the benefit of the additional 30 days of tolling provided by this settlement. Failure to re-file his/her claim within this timeline will result in his/her forfeiture of this additional 30 days of tolling that would otherwise have resulted from this Settlement Agreement. Rejecters and Excluded Class Members, if any, will not receive any share of the Settlement Amount, and will have their claims dismissed without prejudice upon final approval by the Court.

**7.      Effect of Non-Response.**

The claims of any Non-Responder shall be dismissed without prejudice and will not be bound by the release.  No amounts will be paid to any Non-Responder.  No check will be issued for any Non-Responder, and the pro rata share of attorneys' fees associated with any Non-Responder will be deducted from the amount paid to Class Counsel as set forth in paragraph 5(a) herein.

California Rule 23 Class Members do not need to respond in order to be included in the Settlement. Unless they opt-out, California Rule 23 Class Members shall receive a distribution through the settlement, and shall have their California claims dismissed <u>with</u> prejudice upon final approval in accordance with this Settlement Agreement.

**8.      Designation of Types of Payments.**

The parties agree that, for Settling Plaintiffs, one half of the settlement payment will be reported as wages for tax purposes with each Settling Plaintiff receiving an IRS Form W-2, and

the other half of the settlement payment shall constitute payment for liquidated damages/interest and will be reported on an IRS Form 1099. For Settling Class Members, two-thirds of the settlement payment will be reported as wages for tax purposes with each Settling Class Member receiving an IRS Form W-2, and one-third of the settlement payment shall constitute payment for interest and/or penalties and will be reported on an IRS Form 1099.  All amounts allocated as attorneys' fees and costs will be paid to Class Counsel and will be reported on an IRS Form 1099 to Class Counsel.

Class counsel will include a form W-9 form to each Settling Plaintiff and Settling Class Member as an attachment to the Notice of Settlement.  Class Counsel will request that those Settling Plaintiffs and Settling Class Members execute and return that form to Class Counsel, but compliance with that request is not a condition to receiving a settlement payment.  Class Counsel agrees to make reasonable efforts to obtain information from any Settling Plaintiff or Settling Class Member necessary for the payroll processing by Defendant of the settlement payments so that payment can be facilitated.  Specifically, if a form W-9 is not provided, Defendant will need the social security number and home address for all Settling Plaintiffs to be able to process the settlement checks.  To the extent Defendant for some reason does not have that information on file, Defendant will not be able to process a settlement check.

**9.    Settlement Administration**.

The parties will share responsibility for administering the settlement. Class Counsel shall be responsible for performing an initial National Change of Address ("NCOA") search of the mailing addresses of the Settlement Class; mailing and emailing the notice; performing one skip trace on undeliverable notices; reviewing and submitting to Defendant's counsel any received objections, release of claim forms, and requests for exclusion; mailing the Individual Settlement Allocations, and sending tax forms to the Settling Plaintiffs and Settling Class Members.

Defendant and counsel for Defendant shall be responsible for issuing checks for the Individual Settlement Allocations and delivering settlement checks to Class Counsel; providing a report to Class Counsel of any individuals who did not cash or otherwise negotiate their settlement checks 75 days after distribution; reporting payment of the Individual Settlement

Allocations to all required taxing and other authorities; calculating and issuing appropriate withholdings; calculating and issuing payment for the employer's portion of payroll taxes and requisite reporting documentation to the applicable taxing agencies, and issuing Internal Revenue Service Forms W-2s and 1099s, sending any required CAFA notices, and making any cy pres payments.  Unless otherwise advised by Class Counsel, when processing payroll deductions, Defendant will rely on the previously submitted IRS forms W-4 on file as to each Settling Plaintiff and Settling Class member.

Subject to the foregoing, from the wage portion of each Individual Settlement Allocation, Defendant shall withhold from such distribution all applicable federal, state, and local income and employment payroll taxes required to be withheld, and cause the appropriate deposits of taxes and other withholdings to occur.  Each Settling Plaintiff's share of applicable federal, state, and local income and employment payroll taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Settlement Agreement ("Employee Taxes") shall be a part of, and paid out of and shall not be in addition to, the Settlement Amount.  All withholdings shall be based on the Settlement Class' latest tax information on file with Defendant, unless otherwise advised by Class Counsel in writing.

Defendant shall calculate the applicable federal, state, and local taxes that are normally payable by an employer from the employer's funds (for example, FUTA/SUTA and the employer's portion of FICA) ("Employer Taxes") based on the wage portion of each Individual Settlement Amount.  Defendant shall be responsible for payment of Employer Taxes. Employer Taxes are separate from, and in addition to, the Settlement Amount.

By email to Tyler's counsel, Class Counsel will provide weekly summary reports, including the total number and identities of the individuals: whose notices were returned as undeliverable and the steps Class Counsel has or intends to take to contact such individuals, who objected to the settlement, who signed and returned Release of Claims forms, and who requested exclusion in writing.  Such weekly emails will be sent to counsel for Tyler by the close of business each Friday during the notice period provided for herein.

10.    **Settlement Payment and Distribution of Checks to Settling Class Members**

**and Settling Plaintiffs.**

Within thirty (30) calendar days of final approval of the parties' Settlement Agreement by the Court, Defendant shall deliver settlement checks for the Settlement Class to Class Counsel; within seven (7) calendar days of receiving the settlement checks from the Defendant, Class Counsel shall distribute those checks to Settling Plaintiffs and Settling Class Members.

Checks to Settling Class Members and Settling Plaintiffs shall indicate on their face that they will be void after ninety (90) days of issuance.  The parties agree to work together in good faith to ensure that all settlement checks are timely received and cashed by the Settling Plaintiffs and Settling Class Members. In the event that a settlement check has been lost or stolen, Class Counsel will promptly notify Defendant for reissuance, if appropriate.

Accordingly, Settling Class Members and Settling Plaintiffs shall have ninety (90) calendar days from check issuance to cash, deposit, or otherwise negotiate each of their Settlement checks.  Any residual amount will be donated to Legal Aid at Work as a *cy pres* beneficiary, subject to approval by the Court.

No amount of the Settlement Amount will revert to Defendant, except as otherwise specifically provided in the Settlement Agreement.

**11.     Taxation and No Tax Advice.**

Nothing in this Settlement Agreement shall be construed as Defendant, Defendant's Counsel, or Class Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Settling Class Member or Settling Plaintiff participating in any portion of this Settlement Agreement.  Settling Class Members and Settling Plaintiffs may obtain their own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments pursuant to this Settlement Agreement.

**12.     Attorneys' Fees and Costs.**

Class Counsel may request Court approval for payment of up to 25% from (and not in addition to) the Settlement Amount, or $787,500.00, as payment for its attorneys' fees.  Class Counsel may also request Court approval for reimbursement of up to $20,000 from (and not in addition to) the Settlement Amount in costs.  The Notice of Settlement will inform Settlement

Class members of Class Counsel's attorneys' fees and costs request.  The award of an attorneys' fees and costs by the Court in the amounts sought is not a material term of this Settlement Agreement and the award of any of these items at less than requested by Class Counsel does not give rise to a basis to abrogate this Settlement Agreement.  If the Court does not approve the full amount of attorneys' fees or costs requested by Class Counsel, the other terms of this Settlement Agreement shall apply.  Any requested amounts that are not approved by the Court will be apportioned to the Individual Settlement Allocations on a pro rata basis.

Defendant shall wire transfer the attorneys' fees and costs approved by the Court to Class Counsel within seven business (7) days of final approval and will issue Nichols Kaster, PLLP an IRS Form 1099 for the attorneys' fees and costs approved by the Court.   Class Counsel agrees to timely provide all reasonable bank information, documents and tax forms necessary for Defendant to process the wire transfer.

**13.**   **Release.**

It is understood and agreed that upon final approval, any Settling Plaintiff shall, knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Tyler from/for any and all claims and causes of action for unpaid overtime compensation, liquidated damages under the Fair Labor Standards Act while he or she was employed by Defendant as an implementation consultant, up to April 19, 2021 ("FLSA Opt-In Plaintiffs' Released Claims").

It is understood and agreed that upon final approval, any Settling Class Member shall, knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Tyler from/for any and all claims and causes of action for unpaid overtime compensation, record keeping or wage statement violations, failure to timely pay wages, and waiting time penalties, and civil and statutory penalties attributable to these underlying claims (excluding penalties available under the Private Attorneys General Act) and interest under California law arising out of the released claims, while the California Rule 23 Class Member was employed by Defendant as an ERP implementation consultant, other than a senior implementation consultant, up to April 19, 2021 ("Rule 23 Released Claims"). This release is limited to the California Rule 23 Class Members' wage and hour claims currently asserted in the Action, and is not a general release.

The Settlement does not release claims accruing after April 19, 2021. The Settlement does not require that Tyler reclassify its implementation consultants as overtime eligible, and FLSA Opt-in Plaintiffs and California Rule 23 Class Members who worked for Tyler after April 19, 2021 therefore are not precluded by the Settlement from separately asserting claims beginning after that date.

14. **No Admission of Liability.**

Nothing contained in this Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of Defendant. Tyler denies any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint.  Specifically, Tyler denies that and of the plaintiffs, opt-in members, or Rule 23 members were improperly classified or that they are or were entitled to overtime payment.  Tyler contends that such employees were at all times exempt professionals under federal and California law during all times relevant to the parties' disputes and this lawsuit.

15. **Effect of Settlement Not Being Final.**

In the event that the Settlement Agreement does not become Final, then the Settlement Agreement shall become null and void, and all negotiations, proceedings, and statements relating thereto shall be without prejudice as to the rights of any and all parties hereto, and all parties and their respective predecessors and successors shall be deemed to have reverted to their respective positions in the Action as of the date and time immediately prior to the execution of this Settlement Agreement.  If the Court does not approve either preliminarily or finally any material term or condition of the Settlement Agreement, or if the Court effects a material change to the parties' settlement, then this entire Settlement Agreement will be, at either party's discretion, voidable and unenforceable. The Settlement Agreement shall not constitute, in this or any other proceeding, an admission of any kind by Defendant that certification of a class or collective action is appropriate or proper.

16. **Inadmissibility of This Agreement.**

US_ACTIVE-159981217.13 06/28/2021 7:18 AM

This Settlement Agreement is a settlement document and shall be inadmissible as evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

US_ACTIVE-159981217.13 06/28/2021 7:18 AM

17.     **Reasonable Compromise of Bona Fide Dispute**.

The parties agree that the terms of this Settlement Agreement represent a reasonable compromise of disputed claims and issues following two settlement conferences with a respected Magistrate Judge of the Northern District of California, arising from a bona fide dispute over the merits of Named Plaintiffs' claims and Defendant's defenses, and agree to represent the same to the Court. The parties further agree that the Settlement Agreement is a fair, reasonable, and adequate resolution of Named Plaintiffs' claims.

18.     **Voiding the Settlement Agreement**.

Defendant retains the right to void, at its sole discretion, the Settlement Agreement if three or more of the FLSA Opt-In Plaintiffs decline to participate in the settlement and are "Rejecters" as defined herein or fail to respond to the Settlement Notice and are "Non-Responders" as defined herein.  Defendant shall communicate its desire to exercise this option in writing via email and U.S. mail to Daniel Brome, Nichols Kaster, LLP, 235 Montgomery Street, Suite 810, San Francisco, CA 94104, dbrome@nka.com.  If Defendant desires to exercise this option, it must do so within seven (7) days after the close of the 30-day response period for FLSA Opt-in Plaintiffs.

19.     **Effect of Disapproval or Reduction in Attorneys' Fees by the Court**.

If, in approving this Settlement Agreement, the Court declines to approve the requested amount of Class Counsel's requested attorneys' fees or costs, such reduction shall not be considered a material breach or change to this Settlement Agreement, shall not be a ground to terminate and void this Settlement Agreement. Any such reduction in the attorneys' fees or costs may be appealed by Class Counsel.  In the event of such an appeal, the parties shall not delay issuing and distributing payment to Settling Plaintiffs and Settling Class Members the amounts contemplated in this Settlement Agreement that are not subject to appeal.

20.     **Timeline of Settlement Events**.

The parties agree to the following timeline for completion of settlement:

- **May 7, 2021:** Deadline to file Motion for Preliminary Approval. Defendant reserves the right to file any responsive pleading following the filing of said motion.

- **7 days after Preliminary Approval**: Deadline to mail Notices of Settlement.  The date on which the Settlement notices are mailed shall be referred to as the "Notice Mailing."

- **30 days after Notice Mailing**: Deadline to file motion for attorneys' fees.

- **30 days after Notice Mailing**: Deadline for FLSA Opt-in Plaintiffs to return Release of Claims forms, or file a request for exclusion.

- **45 days after Notice Mailing**: Deadline for California Rule 23 Class Members to object to the settlement or request exclusion.

- **60 days after Preliminary Approval**: Deadline for Plaintiffs to file Motion for Final Settlement Approval.

- **7 days after Final Approval Order**: Defendant to deliver settlement checks and make wire transfer to Class Counsel.

- **7 days after receipt of settlement checks**: Class Counsel to distribute Settlement payments to Settling Class Members and Settling Plaintiffs.

21.    **Mutual Full Cooperation.**

Counsel for the parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Settlement Agreement, and neither party shall take any action to oppose implementation of this Settlement Agreement or any of its terms.

22.    **Communications.**

Unless otherwise specifically provided, all notices, demands, or other communications given under this Settlement Agreement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

**To the Plaintiffs:**

Daniel Brome
Nichols Kaster, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
dbrome@nka.com

**To the Defendant:**

Paulo McKeeby
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469) 680-4200
pmckeeby@reedsmith.com

23.  **Construction.**

The parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arms'-length negotiations between the parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Settlement Agreement..

24.  **Modification.**

This Settlement Agreement, including the attached Exhibits, may not be changed, altered, or modified, except in writing and signed by counsel for the parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the parties and approved by the Courts.

25.  **Integration Clause.**

This Settlement Agreement, including the attached Exhibits, contains the entire agreement between the parties relating to the settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing signed by the counsel for the parties set forth in Section 24.

Settlement Agreement

US_ACTIVE-159981217.13 06/28/2021 7:18 AM

**26.    Counterparts.**

This Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.  This Settlement Agreement may be executed by electronic signatures, which shall be deemed to be originals.

**27.    Applicable Law.**

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of California, to the extent federal law does not apply.

**28.    Retention of Jurisdiction.**

The parties intend to request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: June 28, 2021          NICHOLS KASTER, PLLP

By: _____
          Rachhana T. Srey
          Attorneys for Plaintiffs and the Rule 23 Class

Dated: _____          REED SMITH LLP

By: _____
          Paulo B. McKeeby
          Attorneys for Defendants

18

26.   **Counterparts.**

This Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.  This Settlement Agreement may be executed by electronic signatures, which shall be deemed to be originals.

27.   **Applicable Law.**

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of California, to the extent federal law does not apply.

28.   **Retention of Jurisdiction.**

The parties intend to request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Settlement Agreement.


Dated: _____          NICHOLS KASTER, PLLP


By: _____
          Rachhana T. Srey
          Attorneys for Plaintiffs and the Rule 23 Class


Dated: _____          REED SMITH LLP


By: _____
          Paulo B. McKeeby
          Attorneys for Defendants

18
Settlement Agreement

Dated: <u>June 28, 2021</u>

Tyler Technologies, Inc.

By: _____

[name]   Abby Diaz, Chief Legal Officer
Authorized Representative

Dated: <u>07/07/2021</u>

Aaron Kudatsky

By: _____

Aaron Kudatsky

Settlement Agreement