Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*Admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Tyler Technologies,<br><br>Defendant. | Case No. 3:19-CV-07647-WHA<br><br>**DECLARATION OF AARON KUDATSKY**<br><br>**Date: November 4, 2021, 8:00 a.m.**<br>**Courtroom: 12 – 19th Floor**<br><br>**Judge: Hon. William Alsup** |

1. I am the Named Plaintiff and opt-in Plaintiff in this matter. I make this declaration based upon my personal knowledge, and could so testify if called to do so.

2. I have been involved in this case for more than two years. Over that time, I estimate I have spent approximately 80 hours on the case, as described below.

3. Before the case was filed, I spoke with my attorneys and their staff multiple times. I also met in-person with Rachhana Srey, one of the attorneys representing the Plaintiffs and the class in this case. I reviewed the complaint and provided detailed feedback before it was filed.

4. After the case was filed, I frequently spoke with my attorneys. I had multiple, lengthy conversations regarding implementation consultants' job duties, compensation, and hours, and lengthy discussions about the legal claims and procedures. I spoke to my attorneys during discovery, in preparation for filing the class certification and summary judgment motions, and in preparation for two settlement conferences, and during settlement negotiations associated with those settlement conferences.

5. I actively participated in formal discovery. I provided physical and electronic documents to my counsel, which were produced in discovery. I assisted my counsel in responding to written discovery and reviewed and revised those responses. I was deposed for a full day. I understand that my deposition lasted longer than the opt-in depositions and that I responded to more written discovery requests than the opt-in plaintiffs.

6. I participated in two remote settlement conferences before Judge Ryu. During those conference I worked with my attorneys to explain our claims and the case.

7. In addition to speaking with my attorneys on multiple occasions and providing documents to my attorneys, I participated in this case in other ways. For example, approximately eight other current or former implementation consultants contacted me about this matter to ask about the case, the status of the settlement. These individuals contacted me when notice was distributed, or when news of the settlement received media attention.

8. At the time the case was filed, I did not know when the case would resolve. It was my understanding that as the named plaintiff, I would be responsible for representing the

1

DECLARATION OF AARON KUDATSKY
CASE NO. 3:19-CV-07647-WHA

interests of the other implementation consultants. I understood that I would have to provide documents and get deposed. I understood that if this case went to trial, I would have to travel to San Francisco to testify, but I did not know whether trial would be necessary. I did not know when or how the case would conclude, but I knew I would be involved for the duration.

9.  As described above, I have been actively involved in the case since its inception. In addition to putting time and effort into this case, I also put my name on the case. This case received some media attention, and some of my former colleagues reached out to me when they saw articles about this case. Additionally, I understand that several publicly accessible websites contain case information, which are among the top search results when searching for my name. As a result, my name and my reputation are now connected to this lawsuit. When a prospective employer searches for information about me, this lawsuit is one of the first search results.

10. Since leaving Tyler, I have applied for multiple jobs. Shortly after the case was filed, I was seeking employment in a similar role at a company that is a client of Tyler, and which uses Tyler products. I understood that my experience at Tyler made me a top candidate, and I was selected for an interview, which I believe went well. However, after the interview, the company went silent, and I never received a call back. This rejection was very surprising, and I suspect that someone from that company found out about the case against Tyler, and held it against me. In total, I was unemployed for approximately 11 months. During this time, I applied for multiple jobs unsuccessfully, including some for which I proceeded through the entire application process to final interviews, but then never heard back. I believe that this case made it particularly difficult for me to find employment.

11. When the case was filed, I was concerned that prospective employers would view my role in this case negatively, and that it could impact my ability to find work in the future. I was also concerned that my former supervisors at Tyler would be less likely to provide favorable references because of my participation in this case. In spite of these concerns I chose to serve as a representative plaintiff because I wanted other workers at Tyler to be compensated fairly.

12. I understand that the settlement in this case provides an enhancement award for me as the Named Plaintiff, as well as smaller awards for the individual opt-ins who were deposed. I understand that these awards are subject to Court approval, and that if the Court does not approve them, or approves reduced amounts, that this will not void the settlement and any amounts not approved will be reallocated.

The foregoing statement is made under penalty of perjury and is true and correct the best of my knowledge and belief.

Executed at  San Francisco, CA             By: _____
             [city, state]                      Aaron Kudatsky

Dated: 09/13/2021