Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*Admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>Tyler Technologies,<br><br>                              Defendant. | Case No. 3:19-CV-07647-WHA<br><br>**DECLARATION OF DANIEL S. BROME IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL SETTLEMENT APPROVAL**<br><br>**Date: November 4, 2021, 8:00 a.m.**<br>**Courtroom: 12 – 19th Floor**<br><br>**Judge: Hon. William Alsup** |

1. I am an attorney with the law firm of Nichols Kaster, counsel of record for the named Plaintiff, opt-in Plaintiffs, and Rule 23 class in this matter. I make this declaration based upon my personal knowledge, and could so testify if called to do so.

2. The Court granted preliminary approval on July, 26, 2021. Notice was distributed to 295 eligible Class Members and Opt-in Plaintiffs. Notice was sent by first class mail to all Class Members and Opt-in Plaintiffs; notice was sent by email to 244 individuals. Additionally, both Plaintiffs' Counsel and Defendant posted the Notice to their respective websites. Ten (10) notices were forwarded to correct addresses, and Plaintiffs' Counsel received fourteen (14) returned mailed notices. Out of those fourteen, five (5) individuals confirmed receipt of their notice by email. For the remaining nine (9) individuals, Plaintiffs' Counsel conducted skip traces and remailed notices. None of those remailed notice were returned. Plaintiffs' Counsel returned three email bounce-back notifications; Plaintiffs' Counsel was unable to locate alternate email addresses for those class members, but their physically mailed notices were not returned.

3. Plaintiff's Counsel did not receive any objections, during the notice period or since (the deadline for objections was September 23, 2021). All of the FLSA Opt-in Plaintiffs affirmatively signed their release forms to participate in the settlement. Plaintiffs' Counsel received two requests for exclusion from California Rule 23 Class Members. In sum, of the 295 Notices of Settlement that were distributed, 293 of those plaintiffs and class members (99.3 percent) are participating in the settlement.

4. Plaintiffs' Counsel also received two disputes from participating class members concerning their dates worked and their individual allocation amounts. Counsel for the parties met and conferred about these disputes and determined they were valid. To ensure that all Class Members are treated consistently, Defendant conducted an additional review of the underlying employment data, and determined five other individuals were impacted by incomplete employment data. Accordingly, Plaintiffs' Counsel recalculated those individuals' allocations based on the updated data provided by Defendant. Defendant has agreed to pay the additional amounts associated with this recalculation.

5. The Settlement Amount is to be allocated pro rata, based Plaintiffs' Counsel individual damage calculations of the realistic value of Plaintiffs' claims. Plaintiffs' Counsel calculated the value of the claims for all Class and Collective Members using data obtained from Tyler, information provided by Plaintiffs, and reasonable uniform assumptions about hours worked and likelihood of success. Based on those calculations, the Settlement Amount was initially allocated based on each individual's damage amounts, after deducting anticipated attorneys' fees ($787,500.00), costs ($20,000.00), service awards ($5,000.00 to the Named Plaintiff and $500.00 each to the deponents), and a contingency fund ($20,000.00). Following the Notice process, the individual settlement amounts have been recalculated. The reallocation reflects the following updates:

   a) Employment data has been updated for two individuals who submitted valid disputes and for five other individuals identified through the Parties' subsequent meet and confer efforts. This resulted in these individuals' allocations increasing by a total of $128,979.45;

   b) The $20,000.00 contingency fund, as well as $665.84 initially allocated to the two individuals who requested exclusion, have been reallocated to address the increase identified above. Because the $20,000.00 contingency fund did not cover the increases, Defendant has agreed to separately pay the remaining $108,313.61.

6. As a result of this supplemental payment, Defendant will pay a total of $3,258,313.61. Plaintiffs do not seek additional fees based on the supplemental payment, so the settlement will distribute $2,450,813.61 to 294 individuals – an average of $8,336.10 per person. Settlement payments range from $200, for employees who are only receiving pay as California Travel Class Members, up to $61,442.50. 71 individuals will receive $200 to $1,000, 149 individuals will receive $1,000 to $10,000, and 74 individuals will receive over $10,000.

7. I am confident that this settlement is fair and reasonable, and provides excellent value to class members. The settlement provides clear advantages over continued litigation, including prompt and certain payment. This settlement agreement is the result of arms-length

negotiations, between experienced counsel representing the interests of Plaintiffs and Defendant, facilitated by an experienced Magistrate Judge, after thorough factual and legal investigation, and detailed damages calculations.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

Dated: October 19, 2021                    s/Daniel S. Brome
                                           Daniel S. Brome