Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*Admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>     v.<br><br>Tyler Technologies,<br><br>                              Defendant. | Case No.     3:19-CV-07647-WHA<br><br>**[PROPOSED] ORDER AND JUDGMENT ON PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL**<br><br>Date: November 4, 2021, 10:00 a.m.<br>Courtroom: 12 – 19th Floor<br><br>**Judge: Hon. William Alsup** |

[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR FINAL SETTLEMENT APPROVAL 3:19-cv-07647-WHA

Plaintiffs' Motion for Final Settlement Approval came before the Court on November 4, 2021. Defendant did not oppose the Motion. Based on the pleadings, papers, and arguments of counsel, and good cause appearing therefore, the Court hereby grants the Motion in full.

The Court finds that the Settlement is fair, adequate, and reasonable, and in the best interests of the Class, considering the strengths of Plaintiffs' claims, the risk of further litigation, including maintaining class status, the amount offered in settlement, the stage of the proceedings, the views of counsel and the response from Class Members.

Only two Class Members requested exclusion, and no Class Members submitted an objection. All but two eligible Class Members are participating in the Settlement, and all FLSA Opt-ins have returned their release of claims forms. The Court finds that Plaintiffs' Counsel has appropriately distributed Notice of the Settlement. The Court finds that the Parties appropriately handled the disputes submitted by Class Members, and approves the supplemental payment of $108,313.61 on top of the initial settlement to ensure that all Class Members are treated consistently.

The Court finds that the Fair Labor Standards Act settlement is a reasonable compromise of a bona fide dispute, and grants approval of the FLSA settlement.

Plaintiffs' Counsel requests 25% ($787,500.00) of the initial settlement amount ($3,150,000.00), as well as $20,000.00 in costs, and service awards ($5,000.00 to the Named Plaintiff and $500.00 each to the deponents). The Court finds that the proposed settlement is fair, reasonable and adequate, and that the request for attorneys' fees of 25% of the settlement amount is reasonable.  The Court finds that awarding fees at the benchmark percentage is justified by the results obtained in this settlement and counsel's work and skill that led to this result.  The Court finds that the costs requested are reasonable and were incurred in the course of litigating this case on behalf of the group. The Court also finds that the requested service awards have been adequately justified, and appropriately reflect the Named Plaintiff's and the deponents' contributions on behalf of the group, and the risk of reputational harm accepted to benefit the group. The Court finds these service awards do not undermine the fairness of the settlement. The requested enhancement payments are approved.

1    IT IS THEREFORE ORDERED that Plaintiffs' Motion for Final Approval is granted in full. The Parties are directed to follow the terms of the Settlement, including the timing and procedures for distributing payment. This Action shall be closed, except that the Court shall retain jurisdiction solely for purposes of addressing the interpretation and enforcement of the settlement, the administration of the settlement, and other related matters. Plaintiffs and Class Members have released their claims against Defendant as set out in the Settlement Agreement.

Judgment shall be entered accordingly: Defendant Tyler Technologies shall pay a total of $3,258,313.61 (comprised of the initial settlement amount of $3,150,000.00 and the supplemental payment of $108,313.61) in full resolution of the claims asserted, including attorneys' fees and costs. This matter shall be closed, except that the Court shall retain jurisdiction as set forth above.

IT IS SO ORDERED.

Dated: _____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE