Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*Admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>    v.<br><br>Tyler Technologies,<br><br>                          Defendant. | Case No. 3:19-CV-07647-WHA<br><br>**DECLARATION OF DANIEL S. BROME RE: CLASS SERVICE PROVISIONS**<br><br>**Date: November 4, 2021, 8:00 a.m.**<br>**Courtroom: 12 – 19th Floor**<br><br>**Judge: Hon. William Alsup** |

DECLARATION OF DANIEL S. BROME

1. I am an attorney with the law firm of Nichols Kaster, counsel of record for the named Plaintiff, opt-in Plaintiffs, and Rule 23 class in this matter. I make this declaration based upon my personal knowledge, and could so testify if called to do so.

2. I submit this declaration pursuant to the Court's Order granting preliminary settlement approval (ECF No. 130), which called for declarations "attesting to the provision of class service" to be submitted by today's date.

3. The Named Plaintiff, Aaron Kudatsky, brought this action on behalf of a group of workers so that all of Tyler's ERP ICs could benefit. He was actively involved in the litigation from its inception. He met with counsel in-person to discuss the case, then reviewed and provided written comments on the initial complaint. He responded to written discovery requests Defendant propounded, sat for a full day deposition, and attended two settlement conferences. Additionally, Mr. Kudatsky remained responsive throughout the litigation and provided assistance and answers to questions when needed.

4. When the case was filed, Mr. Kudatsky was concerned that prospective employers would view his role in this case negatively, and that it could impact his ability to find work in the future.

5. In conjunction with Plaintiffs' Motion for Attorneys' Fees and Costs, Named Plaintiff Aaron Kudatsky provided a declaration describing the work he performed for this case, and the risks he undertook acting as a named plaintiff in public litigation against his former employer. (ECF No. 132-3.)

6. Since filing that declaration, Class Counsel has not received any objections to the requested service awards, or to any other terms of the Settlement.

7. As discussed in my previous declaration in support of Plaintiffs' Motion for Final Approval (ECF No. 134-1), Plaintiffs' Counsel distributed the settlement notices to those individuals covered by the settlement by first class mail and email (where available). The notices were substantially identical to the materials provided to the Court with the preliminary approval motion. To date, we have received release forms from all of the Opt-in Plaintiffs, no objections, and two requests for exclusion. The deadline to return an objection is September 23, 2021.

8. Following the Notice process, the individual settlement amounts have been recalculated. The reallocation reflects the following updates:

    a) Employment data has been updated for two individuals who submitted valid disputes and for five other individuals identified through the Parties' subsequent meet and confer efforts. This resulted in these individuals' allocations increasing by a total of $128,979.45;

    b) The $20,000.00 contingency fund, as well as $665.84 initially allocated to the two individuals who requested exclusion, have been reallocated to address the increase identified above. Because the $20,000.00 contingency fund did not cover the increases, Defendant has agreed to separately pay the remaining $108,313.61.

9. As a result of this supplemental payment, Defendant will pay a total of $3,258,313.61. Plaintiffs do not seek additional fees based on the supplemental payment, so the settlement will distribute $2,450,813.61 to 294 individuals. This agreement was memorialized in a Settlement Agreement Addendum, attached hereto as **Exhibit A.**

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

Dated: November 1, 2021                        s/Daniel S. Brome
                                                       Daniel S. Brome