# EXHIBIT A

Matthew C. Helland, CA Bar No. 250451
helland@nka.com
Daniel S. Brome, CA Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN Bar No. 340133*
NICHOLS KASTER, PLLP
80 S. 8th Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
THE LAW OFFICES OF PETER T. NICHOLL
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming
Attorneys for PLAINTIFF and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON KUDATSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC.<br><br>Defendant. | **Case No.  3:19-CV-07647-WHA**<br><br>**SETTLEMENT AGREEMENT ADDENDUM** |

**SETTLEMENT AGREEMENT ADDENDUM**

1. This Addendum memorializes the Parties' agreement to supplement the Settlement Agreement entered into by and between Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant"), and Named Plaintiff Aaron Kudatsky ("Named Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel of record, resolving, discharging, and settling the claims at issue in the case of *Kudatsky v. Tyler Technologies, Inc.*

2. During the course of administering the Settlement Agreement, Plaintiffs' Counsel received questions from two class members concerning their dates worked and their individual allocation amounts. Counsel for the parties thereafter met and conferred. Defendant reviewed the questions internally, compared the information provided with its own records, and validated that the information each employee had provided could be corroborated (or at least not negated by) Defendant's records. As a result, and to ensure that all class members are treated consistently, Defendant conducted an additional review of the underlying employment data provided to Plaintiffs' counsel for other class members and determined that five other individuals were impacted by incomplete employment data regarding their service histories with Defendant.

3. Defendant confirmed the information provided by the two class members referenced above and provided updated employment data to Plaintiffs' Counsel as to the five other individuals separately identified by Defendant. Plaintiffs' Counsel then recalculated those individuals' allocations based on the updated data. This resulted in the seven individuals' allocations increasing by a total of $128,979.45.

4. The $20,000.00 contingency fund, as well as $665.84 initially allocated to two individual class members who requested exclusion, have been reallocated to address the increase identified above. Because the $20,000.00 contingency fund does not cover the full amount of the adjusted allocations, Defendant, in the interest of avoiding further disputes between Parties and to preserve the agreement previously reached between the Parties, has agreed to separately pay the remaining $108,313.61 (the "Supplemental Payment"). Counsel for Plaintiff agrees that the

Supplemental payment resolves any and all disputes that might exist as to class member allocations.

5. The Supplemental Payment will not change the amounts requested for attorneys' fees and costs. Therefore, as a result of this Supplemental Payment, Defendant will pay a total of $3,258,313.61, and the Parties anticipate that the settlement will distribute $2,450,813.61 to 294 individuals.

6. Plaintiffs' Counsel shall provide notice to the individuals mentioned above of their updated allocation amounts by email (if available) and first-class mail.

7. Except as specifically provided above, this Addendum does not change any terms of the Settlement Agreement.

Dated:  November 1, 2021                              NICHOLS KASTER, PLLP

                                                       By: /s/ Daniel S. Brome
                                                           Daniel S. Brome
                                                           Attorneys for Plaintiffs and the Rule 23 Class


Dated:  November 1, 2021                              REED SMITH LLP

                                                       By: /s/ Paulo B. McKeeby
                                                           Paulo B. McKeeby
                                                           Attorneys for Defendants