Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Rachhana T. Srey, MN State Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
*Admitted pro hac vice

Benjamin L. Davis, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 Charles Street, Suite 1700
Baltimore, MD 21201
*Pro hac vice application forthcoming

Attorneys for Plaintiff and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aaron Kudatsky, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>Tyler Technologies,<br><br>    Defendant. | Case No. 3:19-CV-07647-WHA<br><br>**JOINT STATEMENT REGARDING SETTLEMENT CHECK DISTRIBUTION AND [~~PROPOSED~~] ORDER**<br><br>**Judge: Hon. William Alsup** |

1. On November 17, 2021, this Court granted final approval to the settlement of this class and collective overtime case. (ECF No. 137.)

2. Pursuant to the settlement and the Court's approval order, settlement payments were distributed to class and collective members. Throughout the check cashing period, the Parties worked together to re-issue and re-mail settlement checks as needed. Defendant provided multiple check status reports; Plaintiffs' Counsel communicated actively with class and collective members to ensure checks were received and that class members understood the settlement. At Plaintiffs' Counsel's request, Defendant reissued numerous settlement checks in instances where class members did not receive checks as a result of incorrect addresses or other reasons.

3. Pursuant to the Court's instruction that Defendant retain 50% of the approved attorneys' fees, to be paid after defendant "certify[ies] that all funds have been properly distributed and the file can be completely closed," the Parties now jointly inform the Court that the settlement funds have been properly distributed. The Parties ask that the Court order payment of the remaining attorneys' fees and completely close the case file in this matter.

**AGREED TO:**

Dated: June 24, 2022                         REED SMITH LLP

                                             By:   /s/ Paulo McKeeby
                                                   Paulo McKeeby

                                             Attorneys for Defendant
                                             TYLER TECHNOLOGIES, INC.

Dated: June 24, 2022                         NICHOLS KASTER, LLP

                                             By:   /s/ Daniel S. Brome
                                                   Daniel S. Brome

                                             Attorneys for Plaintiff, the Collective, and
                                             the Class

**[proposed] ORDER**

Pursuant to the foregoing Joint Statement Regarding Check Distribution, the Court finds that the payments have been properly distributed and ORDERS that Defendant shall promptly pay the remaining attorneys' fees to Plaintiffs' Counsel, and this matter shall be fully closed.

IT IS SO ORDERED.

Dated: July 2, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE